208 So.2d 827 (1968)
Robert C. STONE, Petitioner,
v.
Kenneth L. JEFFRES, Sr., General Guaranty Insurance Company and Florida Industrial Commission, Respondents.
No. 36945.
Supreme Court of Florida.
April 3, 1968.
*828 Howard L. Garrett, of Garrett & Garrett, Tampa, for petitioner.
Chester L. Skipper, of Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
B.J. Masterson, of Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, for The Academy of Florida Trial Lawyers and James C. Paine, of Jones, Adams, Paine & Foster, West Palm Beach, as amici curiae.
ERVIN, Justice.
This is a certiorari review of a decision of the Florida Industrial Commission denying interest on an attorney's fee for Claimant's attorney, which was awarded and ordered paid by the Deputy Commissioner.
It appears Petitioner, the Claimant, suffered an injury in an industrial accident on September 7, 1962 during his employment. He filed claim, which was controverted. The Deputy Commissioner held a number of hearings on the claim and entered several orders, the last one of which awarded compensation and was entered December 31, 1964. This order was reviewed and affirmed by the full Commission by its order of August 19, 1965, which order was reviewed by us on certiorari and affirmed on May, 4, 1966, 186 So.2d 491. Incident to the determination of the compensation award in Claimant's favor, the Deputy in his order of December 31, 1964 also allowed Claimant $2500 for attorney's fees. In the order of the full Commission of August 19, 1965 affirming the Deputy's order of December 31, 1964, the Commission awarded the Claimant $300 for the services of his attorneys before the Commission. These fees, totalling $2800, were not paid by the employer-carrier until after they were affirmed by us on May 4, 1966.
Because of the delay in payment of these attorneys' fees until after disposition of the certiorari proceedings by us, the Claimant moved the Deputy to compel payment of interest on said fees at the rate of six per cent per annum. The Deputy, after a hearing, ordered interest to be paid Claimant thereon in the amount of $223.54 and $200 in addition for the services of Claimant's attorneys in bringing proceedings to compel the payment of interest.
On review of the Deputy's order allowing the said sums of $223.54 and $200, the full Commission reversed, and said:
"* * * It is our understanding that interest does not accrue until after an Order becomes final. In the instant case, the original Order awarding $2,500 attorneys' fee did not become final until it was disposed of by the Supreme Court and therefore interest would not accumulate until after said date. * * *"
The reversal order of the full Commission denying interest on the attorneys' fees is the subject of this certiorari review.
We have carefully studied and reviewed this issue and have heard argument of the parties, and conclude we must quash the order of the full Commission.
We are not unmindful of the fact, pointed out by Respondents, that the Florida Workmen's Compensation Act does not provide expressly for allowance of interest on attorneys' fees, as the Deputy ordered in this case, but is silent on the subject. We agree, too, that allowance of attorneys' fees is in derogation of common *829 law and may be awarded a litigant only if provided by contract or statute.
We do not think the considerations mentioned in the foregoing paragraph preclude allowance of interest on an attorney's fee from the date it is ordered by a deputy nor is it tolled during appellate review.
In the first place, the Workmen's Compensation Act does authorize attorneys' fees to claimants' attorneys under certain conditions and circumstances. The fees awarded in this case were specifically authorized by F.S. Section 440.34(1), F.S.A., since the claim was controverted and the Claimant's attorney was successful in prosecuting the claim to an award.
Where attorneys' fees are provided by contract or by statute and are not promptly paid, interest runs from the time payment is due. See Huntley v. Baya (DCA3d), 136 So.2d 248, relating to interest on an attorney's fee arising out of a contract. It is conceded by Respondents that under F.S. Section 627.0127, F.S.A., which authorizes attorneys' fees where insureds are successful in maintaining suits on certain types of insurance policies, interest on the judgment for such fees would accrue from time of entry of the judgment during the period of an unsuccessful appeal.
Since F.S. Section 55.03, F.S.A., provides that all judgments and decrees bear interest at the rate of six per cent a year, except when they are rendered on contracts which provide for interest at a lesser rate, there seems little justification for making a specific exception and excluding interest on compensation awards of attorney's fees. Such awards for attorney's fees are by their nature judgments in law and are collectable and enforceable as such. Moreover, because a judgment has been appealed, the running of interest is not tolled under our law during the period the appeal is pending. See Atlantic Coast Line Railroad Co. v. Watkins, 99 Fla. 395, 126 So. 489.
We note that the Workmen's Compensation Act not only does not provide in express language for the allowance of interest upon attorney's fees from the time such fees are awarded by deputies, but neither does the Act provide that interest shall be allowed on disability benefits from the time they are awarded by deputies. However, it has been held by us in line with general principles applicable with respect to all judgments that interest does accrue from the time such awards of disability benefits are first entered. In Rutherford v. Seven-Up Bottling Company (Fla.), 83 So.2d 269, we said:
"* * * And we perceive no reason why the award does not become due upon the date it is entered. The right of the parties are fixed at that time. * * *" (At 270.)
Even more emphatically was this held by us in Parker v. Brinson Construction Co. (Fla.), 78 So.2d 873. There, Mr. Justice Drew, speaking for the Court, said:
"The rule which we think more clearly applies to awards in workmen's compensation cases is that applicable to actions ex contractu. * * * If the carrier should be compelled to sue the employer for premiums on a workmen's compensation policy, the carrier would be entitled to receive, as a part of its damages, lawful interest on the premium which was wrongfully withheld from the date the premium became due. * * *
"* * * Inherent in the act itself is the intention that if such an award is wrongfully withheld * * * the person or the party which should have paid it should be compelled to pay, as damages for its detention, lawful interest thereon from the date it should have been paid, and the amount thereof is to be determined by applying Section 687.01, F.S. 1951 * * *.
"* * * During the period such compensation is withheld, the carrier or employer should pay for the use of the *830 money which it is using and has wrongfully withheld. * * *" (At 875-876.)
Analogously, it would seem that interest should run on attorneys' fees from the time they are awarded by deputies. We see little logic for making an exception and establishing a different rule as to allowance of interest on attorneys' fees awarded in compensation cases from the rule which authorizes interest on disability awards. We are impressed with the suggestion which was made in oral argument that unless such interest is allowed, temptation will be afforded to delay payment of attorneys' fees by resorting to appeals in situations which could work hardships upon persons ordinarily least able to be burdened by any delays in compensation cases.
The argument that penalty provisions and rule nisi enforcement procedures of the Act (see F.S. §§ 440.20(6), 440.24 and 440.34, F.S.A.) are legislative alternatives to allowance of interest on attorneys' fees lacks both logic and merit and overlooks such penalties and procedures are not applicable until after reviews and appeals are final, and are no more justification for disallowance of such interest than they would be for disallowing interest on compensation awards for benefits. We find no support in logic or applicable precedents for the Commission's determination that interest on attorneys' fees awards of deputies should not accrue until after they become final.
Finding no justification for an exception, we hold interest on an attorney fee runs from the time of the entry of the Deputy's award. Therefore, we quash the order of the full Commission and direct that the order of the Deputy be reinstated.
It is so ordered.
DREW, THORNAL and ADAMS, JJ., concur.
CALDWELL, C.J., dissents.