BOOTH, Judge.
This cause is before us on appeal from the award of interest on attorney’s fees following the successful prosecution of a workmen’s compensation claim.
On September 5, 1978, the Deputy Commissioner awarded Pellizzeri compensation benefits and reserved jurisdiction to assess an appropriate attorney’s fee. St. Regis appealed, and the order was affirmed by the Industrial Relations Commission on May 15, 1979. On November 13, 1979, the Deputy awarded $17,220.00 in attorney’s fees. St. Regis paid this amount on December 13, 1979. Subsequently, the Deputy ordered St. Regis to pay $1,169.58 in interest on the attorney’s fees for the time beginning 21 days after the order reserving jurisdiction to award fees. St. Regis appealed, asserting that interest was due only for the time period beginning 21 days after the November 13, 1979 order setting the fees until the time of payment. We agree.
In Stone v. Jeffres, 208 So.2d 827 (Fla.1968), the Supreme Court addressed the is *235 sue of when interest begins to run on an award of attorney’s fees in compensation cases and held (208 So.2d at 830):
[I]t would seem that interest should run on attorneys’ fees from the time they are awarded by the deputies. We see little logic for making an exception and establishing a different rule as to allowance of interest on attorneys’ fees awarded in compensation cases from the rule which authorizes interest on disability awards.

Finding no justification for an exception, we hold interest on an attorney fee runs from the time of the entry of the Deputy’s award.
Although the Deputy reserved jurisdiction to award an appropriate fee in the original order, no award was made until November 13, 1979, and interest did not begin until after that date. Interest on an award of attorney’s fees cannot begin to run until the amount of the fee is determined by the Deputy. Were it otherwise, a reservation of jurisdiction to assess the attorney’s fees followed by a 21-day period before specifying the amount due would automatically impose an interest penalty.
The order below is reversed in part and the cause remanded for further proceedings consistent herewith.
MILLS, C. J., and LARRY G. SMITH, J., concur.