492 So.2d 1175 (1986)
Christine BAILEY, Appellant,
v.
Lee O. PARKER, Appellee.
No. BC-184.
District Court of Appeal of Florida, First District.
August 18, 1986.
G. Everett Burghardt Williams I, Jacksonville, for appellant.
Jerry A. Funk, of Funk & Green, Jacksonville, for appellee.
*1176 SHIVERS, Judge.
This case involves an appeal of a final judgment ordering the partition of real property held by appellant and appellee as tenants in common. We affirm the order of partition, but reverse and remand the order of accounting between the parties.
The facts of this case are as follows. Appellant, Mrs. Bailey, and appellee, Mr. Parker, began living together in 1978, in a home which Mrs. Bailey owned prior to buying the subject property. During that time, Mrs. Bailey was housing several children and adults for both HRS and the Veterans Administration and was in need of a larger house. In January of 1981 the parties moved into the Smyrna Street house which is the subject of this appeal. Bailey continued to house several adults and children and also sporadically rented out a small cottage located on the new property.
The Smyrna Street house was purchased for $49,470. A $7,000 loan was taken out by Mrs. Bailey in her name alone, $5,000 of which was used as the downpayment for the house. A $19,000 existing mortgage on the property was assumed and the sellers took back a purchase money mortgage in the amount of $25,500. The monthly payment on the existing and purchase money mortgages is $495.81. The warranty deed grants the property to "Christine Bailey, single, and Lee O. Parker, single." According to Bailey, the only reason Parker's name was placed on the warranty deed was because the two planned to be married, and it would save Bailey the trouble of changing the deed later. According to Mr. Parker, the two never discussed marriage but had a "business relationship" with regard to purchasing the home.
At the trial, Mrs. Bailey testified that Parker paid her approximately $125 every two weeks until September of 1981, after which he began paying $200 every two weeks. However, Bailey contended that the money was applied by her toward the purchase of groceries, not toward the purchase of the property. She stated that Parker paid $225 toward insurance on the home, but did not contribute to taxes. She admitted that she did not contribute any VA, HRS, or rent income to Parker.
According to Mr. Parker's testimony, Mrs. Bailey was given $250  $300 of Parker's salary every two weeks. Parker testified that he considered himself responsible for repaying the loans incurred on the home, and that it was his belief that the money given to Mrs. Bailey was being applied toward all household expenses, including taxes and loan payments. Parker stated that Bailey handled the payment of all household bills and the collection of all VA, HRS, and rent checks. Parker lived in the house until April of 1983, at which time (according to Parker) Mrs. Bailey "kicked him out" and changed the locks. Parker contributed no more money to Bailey after that time.
On June 30, 1983, Parker filed an action against Bailey seeking partition of the property and an accounting for the rental of the property since the date of Bailey's sole occupancy. Bailey's answer admitted the parties held the property as tenants in common, but asserted, as an affirmative defense, that all of the consideration for the purchase of the property was tendered by Bailey alone. After a non-jury trial at which both parties testified, the court entered a final judgment finding each party to own an undivided one half record interest in the property and ordering a partition. Without a discussion of the calculations used to make its decision, the court found the contributions of the parties to be "equal and offsetting" except with respect to the downpayment made by Bailey in the amount of $7,000, and the mortgage, taxes, and insurance payments made by Bailey subsequent to the parties' separation in April 1983. Bailey was thus granted a special interest in Parker's one half interest, equal to (1) one half the ratio of $7,000 to the purchase price of the property, and (2) one half the mortgage, taxes, and insurance payments made by Bailey after May 1, 1983.
Although we affirm the court's order of partition, we find the final judgment *1177 to be in error in several respects with regard to the accounting between the parties. First, the law is clear that it is the obligation of each tenant in common to pay one half of all property expenses, including mortgage payments, taxes, insurance, and necessary repairs. Spikes v. Spikes, 396 So.2d 1192 (Fla. 2d DCA 1981), except when a cotenant has sole possession of the property and is receiving all the profits therefrom. 12 Fla.Jur.2d, Cotenancy and Partition, § 28. Assuming the trial court relied on Mrs. Bailey's testimony regarding the amount of Parker's monetary contributions, and found Parker to have contributed as little as $250 per month (approximately one half the monthly payment on the two mortgages) there is competent, substantial evidence to hold that Parker is still accountable to Bailey for one half of the downpayment. However, the record indicates that the amount of the downpayment was $5,000, not $7,000. Further, Parker should be held accountable for one half of the amount of $5,000, not one half the ratio of the downpayment to the purchase price.
Second, the court failed to make a finding as to Parker's accountability for one half of the taxes and insurance paid by Bailey during the time Parker was in possession of the property.
Third, since the record indicates that Mrs. Bailey was in sole possession of the property after April 1983 and that she received all rents and profits derived from the property after that time, the court erred in ordering Mr. Parker to account to Bailey for one half the mortgage, taxes, and insurance paid by Bailey after May 1, 1983.
Last, the law is clear that where a cotenant has exclusive possession of property owned as tenants in common, and uses the property for his own behalf and does not receive rents or profits therefrom, the tenant in possession is not accountable to the tenant out of possession unless the tenant in possession holds the property adversely or as the result of ouster or its equivalent. Coggan v. Coggan, 239 So.2d 17 (Fla. 1970). In order to prove ouster, a tenant in common must show acts by the tenant in possession inconsistent with, and exclusive of, the rights of the cotenant and knowledge by the cotenant of the tenant in possession's acts. 239 So.2d at 19. The record in this case shows that an ouster of Parker by Bailey occurred in April of 1983. Therefore, Bailey must be held accountable to Parker for one half the rental value of the property after the ouster.
Accordingly, the final judgment is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
BARFIELD, J., concurs.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge, dissenting.
I would reverse and remand for redetermination of the respective interests of the parties in the property. Although the trial court properly found that the parties held the property as tenants in common, the evidence before the court established anything but an intention that each hold a one-half interest therein. The record reflects that appellant supplied far more than one-half of the consideration for the acquisition and maintenance of the property, and there is a complete lack of evidence to establish that she made a gift of a one-half interest to appellee. In my view, the trial court erroneously applied a legal presumption to arrive at the equal division of interests when the record before it completely negated such presumption and warranted a factual determination of the respective interests based on relative contribution of consideration.