527 So.2d 908 (1988)
Robert E. MIRLISENA, Appellant,
v.
CHEMLAWN CORPORATION and General Adjustment Bureau, Appellees.
No. 87-1210.
District Court of Appeal of Florida, First District.
June 24, 1988.
*909 Robert Lynne, of Sadow and Lynne, North Miami and Renee R. Pelzman, of Pelzman and Ruska, Coral Gables, for appellant.
Carl E. Jenkins, of Walton, Lantaff, Schroeder & Carson, Ft. Lauderdale, for appellees.
MILLS, Judge.
The claimant in this workers' compensation action appeals from an order finding no causal connection between his condition and the industrial accident. We reverse.
Robert Mirlisena was working for Chemlawn Corporation on 21 March 1986 when he was involved in an automobile accident. He was riding in the bed of a company pickup truck when the truck collided with another vehicle. A claim was filed for temporary total or temporary partial disability benefits, medical and rehabilitation benefits, attorneys' fees, interest, penalties and costs. The employer/carrier stipulated that the accident was in the course and scope of employment, but contended that the claimant was not injured as a result.
The evidence showed that the claimant had a preexisting injury to his right shoulder resulting from a 1975 motorcycle accident that occurred while he was serving in the military. That accident dislocated the claimant's right shoulder and, in 1983, a shoulder pin was surgically inserted. Two days before the industrial accident, on 19 March 1986, the claimant visited a Veterans Administration hospital, complaining of pain in his right shoulder.
The only medical testimony before the deputy commissioner was the deposition testimony of Dr. Feinstein, an osteopath, and Dr. Bermann, an orthopedic surgeon. Both doctors causally related the claimant's condition, albeit an aggravation of a preexisting condition caused by the motorcycle accident, to the industrial accident.
While a deputy may reject uncontroverted medical testimony as to causation in an appropriate case, he may not reject it without giving a sufficient reason for so doing. Blocker v. Ardmore Farms, 524 So.2d 1081 (Fla. 1st DCA 1988). Here, the deputy gave no reason for rejecting Dr. Bermann's testimony. And the only reference in the order to Dr. Feinstein's testimony is:
That the testimony of Dr. Feinstein causally relating the complaints of pain on March 19th to the automobile accident of March 21, 1986, cast doubt on the validity of his testimony.
However, the question and answer that led the deputy to his conclusion that Dr. Feinstein had causally related the complaints of pain on 19 March to the automobile accident on 21 March was as follows:
Q. Doctor, is it your testimony that a car accident two days after a man seeks hospital treatment for radicular pain caused the radicular pain you found in his arm?
A. Yes.
We interpret Dr. Feinstein's answer to mean simply that, although the claimant had a preexisting problem causing pain, the accident aggravated that problem. A reading of Dr. Feinstein's entire deposition supports that conclusion. Thus, we conclude that the above reference to Dr. Feinstein's testimony is not a sufficient reason for rejecting the uncontroverted medical testimony as to causation.
Because we reverse the finding that claimant's injuries are not compensable based on a lack of causal connection between the industrial accident and the claimant's injuries, we remand for the deputy to reconsider the claim for benefits.
With regard to the temporary partial disability claim, however, we note that the question of whether the claimant carried his burden of proving a causal connection between his injuries and a change in employment status is a factual issue which has not yet been determined by the deputy. See Trujillo v. Southern Wine & Spirits, Shaw Ross Importers, Inc., 525 So.2d 481 (Fla. 1st DCA 1988); Williams Roofing, Inc. v. Moore, 447 So.2d 968 (Fla. 1st DCA 1984).
*910 REVERSED and REMANDED for further proceedings.
SHIVERS and WIGGINTON, JJ., concur.