WIGGINTON, Judge.
Appellant appeals the deputy commissioner’s order upon remand from this Court awarding his appellate attorney an $11,000 fee. We affirm.
In pursuit of a workers’ compensation claim against appellee, employer/carrier, appellant’s trial counsel secured over $250,-000 in benefits for him. His appellate counsel successfully defended the employer/ carrier’s appeal. T & M Auto Service v. Cohen, 507 So.2d 1106 (Fla.1987). Thereupon, pursuant to Sierra v. Sierra, 505 So.2d 432 (Fla.1987) and section 440.34(5), this Court granted appellant entitlement to an appellate attorney’s fee and remanded to the deputy commissioner for determination of an appropriate fee amount.
*453 At the hearing on remand, appellant’s attorney argued that the appellate fee should be determined by arriving at a “starting place” fee pursuant to the percentage based calculations set forth in section 440.34(1). According to his calculation, the proper “starting place” fee in this case is $40,601.85. Considering the section 440.34(l)(a)-(h) factors, he considered a reasonable fee to be $37,750. He presented the testimony of an independent attorney who stated that, on a non-contingent basis, he would have charged a fee of $25,000 for the appeal and on a contingent basis, a reasonable fee would have been $35,000. Employer/carrier’s appellate counsel testified that she had billed employer/carrier approximately $10,000 in attorney’s fees for the appeal.
The deputy commissioner refused to establish the percentage based fee calculated pursuant to 440.34(1) as the “starting place” amount. Instead, he calculated a “starting place” fee of $8,375 based on the hours expended by the appellate attorneys multiplied by an appropriate hourly rate. He then considered the 440.34(l)(a)-(h) factors and, based thereon, he increased thé hourly rate and arrived at an $11,000 fee.
The deputy commissioner’s calculation of the fee in this case was well reasoned and appropriate. He properly and diligently considered and applied the 440.34(l)(a)-(h) factors in arriving at a fair fee. We reject appellant’s assertion that section 440.34(1) mandates calculation of appellate attorney’s fees in workers’ compensation cases based upon the percentage based “starting place” fee for which that statute provides. Section 440.34(5) gives this Court the authority to award an appellate attorney’s fee “in its discretion, [to] be paid as the court may direct.” When this Court determines entitlement to an appellate attorney’s fee and remands to a deputy commissioner for determination of the appropriate amount thereof, upon remand the deputy commissioner does not award or approve the fee, as contemplated by the language in section 440.34(1), but merely determines an appropriate fee amount. We find that the deputy commissioner’s determination of an amount in the instant case is both reasonable and appropriate and we affirm.
SMITH, C.J., and SHIVERS, J., concur.