SHIVERS, Chief Judge.
The claimant in this workers’ compensation case appeals an order in which the judge of compensation claims (JCC) awarded temporary partial disability benefits for the period from July 1987 through May 25, 1988. We find that the judge was without jurisdiction to address that issue, and reverse and remand for further proceedings.
The record on appeal indicates that claimant, Joyce Spaulding, suffered a compensa-ble injury to her arm and wrist on March 15, 1982, underwent several surgeries for carpal and radial tunnel syndrome, and subsequently filed a claim for benefits from the date of accident through May 19, 1988. At the 1988 hearing, claimant’s treating physician testified that claimant had reached maximum medical improvement from an orthopedic standpoint in 1987, and that he had released her to return to light work at that time. However Dr. Gonzalez, Claimant’s treating psychiatrist, testified without contradiction that claimant was temporarily totally disabled (TTD) from a -psychiatric standpoint from December 1987 through May 1988. The evidence also established that claimant suffered from two longstanding unrelated conditions, and that one of these (vertigo) had rendered her totally disabled by September 1987.
In an order following the hearing, the judge concluded that the claimant was able to perform some types of work, but had made little effort to do so. No mention whatsoever was made of Dr. Gonzalez’ testimony that claimant was psychiatrically TTD. Applying the deemed earnings provisions of section 440.15(3)(b)2, Florida Statutes, the judge concluded that claimant had voluntarily limited her income, was capable of earning $160 per week, and should be paid temporary partial benefits based on that amount.
Claimant appealed the judge’s order, and this court reversed and remanded, finding: (1) that the judge had erred in rejecting Dr. Gonzalez’ testimony without explanation, and (2) that the judge had erred in applying the deemed earnings provision after September 1987, since the undisputed medical evidence indicated that claimant could not work after that time due to her vertigo condition. The court concluded that “upon remand, the [JCC] should determine, with consideration of the psychiatrist’s testimony, whether appellant was unemployable due to her injury from July 1987 forward.” Spaulding v. Albertson's, 543 So.2d 858 at 860 (Fla. 1st DCA 1989) (Spaulding I). The opinion in Spaulding I was released on May 17, 1989. However, a motion for rehearing was filed and denied on June 21, 1989, and the mandate was not entered until July 7, 1989.
On September 28, 1988, during the pend-ency of the Spaulding I appeal, claimant filed a second claim for benefits for the period after May 19, 1988. Depositions of Drs. Gonzalez, Forman, and Hoffman were taken in May and June, and a hearing was *1251 conducted on the second claim on June 20, 1989. On June 26, 1989 (still prior to the issuance of the mandate in Spaulding I) the judge entered an order holding, inter alia, as follows:
The first issue is the claimant’s entitlement to compensation benefits during the period from July 1987 to May 25, 1988. In its opinion of May 17, 1989, the First District Court of Appeal describes the criteria to be used in determining benefits. Upon consideration of the opinions of Dr. Gonzalez, Dr. Hoffman, and Dr. Forman, I find that her inability to work during this period was attributable in part to noncompensable conditions, and that she is entitled to compensation for temporary partial disability at the rate of $87.04 per week.
In addition to the above, the judge determined that claimant’s “noncompensable conditions” did not contribute to her disability after May 25, 1988, and awarded “wage loss benefits without reduction for deemed earnings from May 25, 1988 through May 31, 1989.... ”
We reverse the portion of the judge’s June 26, 1989 order addressing the issue remanded by this court in Spaulding I, for several reasons. First, the judge was clearly without jurisdiction at the June 1989 hearing to address that issue since the mandate in Spaulding I was not entered until after both the June 1989 hearing and the JCC’s order. Even had the judge had jurisdiction to address pre-May 19, 1988 benefits at the 1989 hearing, we find that he did not follow the instructions given by this court in Spaulding I. The evidence presented at the 1989 hearing consisted solely of the May and June 1989 depositions of Drs. Gonzalez, Forman, and Hoffman, along with medical records dated June 9, 1989. However the previous testimony of Dr. Gonzalez, which this court instructed the judge to reconsider, was not reintroduced.
Second, it is clear from the 1989 claim for benefits, the application for hearing, and the pretrial stipulation that the June 1989 hearing was to concern only those benefits claimed to be due after May 19, 1988. Therefore, appellant was not provided with notice and an opportunity to present evidence on the issue of benefits due prior to that time.
Last, it appears from the 1989 order that the judge failed to alter his original deemed earnings calculation by determining what portion of claimant’s disability was caused by her compensable injury, as instructed by this court in Spaulding I.
Accordingly, we strike that portion of the June 26, 1989 order addressing pre-May 19, 1988 benefits. On remand, the judge is redirected to follow the instructions set out by this court in Spaulding I.
JOANOS and ZEHMER, JJ., concur.