567 So.2d 986 (1990)
Robert E. MIRLISENA, Appellant,
v.
CHEMLAWN CORPORATION & Scott Wetzel Services, Appellees.
No. 89-739.
District Court of Appeal of Florida, First District.
October 4, 1990.
Jerold Feuer, Miami, for appellant.
Carl E. Jenkins of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellees.
ZEHMER, Judge.
The claimant has filed a notice of appeal from an order determining the amount of appellate attorneys' fees to be awarded pursuant to this court's order entered upon appellant's successful appeal in Mirlisena v. Chemlawn Corp., 527 So.2d 908 (Fla. 1st DCA 1988). We treat the notice of appeal as a motion for review pursuant to rule 9.400(c), Fla.R.App.P. See Zaremba Florida Co. v. Klinger, 550 So.2d 1131 (Fla. 3d DCA 1989), grant the motion, vacate the order, and remand for entry of an order determining a reasonable appellate attorneys' fee in conformity with this opinion.
The claimant's original claim was denied upon the finding of no causal connection between the injury and the industrial accident. As both of the medical experts who testified causally related the claimant's condition to that accident, we reversed, holding that no sufficient reason was stated *987 in the order for rejecting this uncontroverted medical testimony as to causation. Mirlisena, supra. We entered an order awarding attorneys' fees to claimant's attorneys and remanded for determination of the amount if the parties could not agree.
On remand, the judge held an evidentiary hearing on the value of the attorneys' services rendered on appeal. The claimant had been represented on appeal by Renee Pelzman and Robert Lynn. Ms. Pelzman offered the appellate briefs in evidence, but the judge declined to receive them or even to consider them in passing on the quality and value of their appellate work. Ms. Pelzman filed time records showing 23.75 hours of work and Mr. Lynn's records showed 26.8 hours of work on the appeal. The judge also received expert testimony offered by both sides as to the amount of a reasonable fee. The claimant's witnesses opined a fee ranging from $22,600 to $28,320. The employer and carrier's witness urged a fee based on 15 to 20 hours total work and an hourly rate between $150 to $300 per hour.
The judge awarded the sum of $4000 to be shared by the claimant's two attorneys. The order recited in pertinent part:
In reviewing the testimony and the materials submitted, the undersigned Deputy Commissioner reached the conclusion that the original Order entered was inappropriate. In reviewing the affidavits as to the time expended by Claimant's attorney, I find that the time noted and claimed was duplicated and, in my opinion, unnecessary. I believe that the fee should be established by the factors listed in the Florida Statute, Section 440.34(1)(a) through (h) and conclude that only minimal time and expertise were necessary in order to perfect an appeal from my original Order. I, therefore, find that a fair and reasonable fee in this matter for the appellate services rendered would be a total sum of Four Thousand and 00/100 ($4,000) Dollars.
The judge indicated at the conclusion of the hearing that the attorneys could divide the fee any way they desired.[1] The claimant now seeks to overturn the award, arguing that the judge erred in failing to consider the contingent nature of the fee (it would be paid only if the appeal were successful), that the amount awarded is not supported by the evidence, and that the judge failed to make the requisite findings of fact in support of the award.
Since the parties could not agree on a reasonable fee and thus submitted the issue to litigation, it was incumbent on the judge to receive the evidence offered by the parties and to set forth findings on all the factors referred to in section 440.34(1)(a)-(h). It was also incumbent on the judge to consider the contingent nature of the fee contract in arriving at the award amount, as that factor is a specific consideration in determining a reasonable fee. § 440.34(1)(h).
The claimant has suggested that the judge of compensation claims should apply the lodestar approach and contingency factor discussed in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), and its progeny. We decline to so direct. The workers' compensation attorneys' fee statute, section 440.34, is sufficiently explicit to not warrant further reference to any common law principles adopted in Rowe. We specifically reject the application of the lodestar approach using the contingency factors discussed in Rowe and its progeny for use in workers' compensation cases. City of Miami v. *988 Knight, 554 So.2d 549 (Fla. 1st DCA 1989). See also Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828, 834 (Fla. 1990); Tri-state Motor Transit Co. v. Judy, 566 So.2d 537 (Fla. 1st DCA 1990); Fumigation Dept. v. Pearson, 559 So.2d 587 (Fla. 1st DCA 1989); Cohen v. T & M Auto Service, 542 So.2d 452 (Fla. 1st DCA 1989). The judge of compensation claims shall, in the exercise of his discretion, consider the contingent nature of the fee in this case along with all of the other statutory factors.
We further note that the judge erred in refusing to consider the appellate briefs filed by the attorneys. It is difficult to conceive how one can evaluate the quality of the work performed by the attorneys on an appeal without even looking at the briefs filed with the appellate court. This is undoubtedly as good a reason as any for having the appellate court rather than the trial court set the amount of a reasonable appellate attorneys' fee.
Moreover, it appears that the hours claimed by attorneys Pelzman and Lynn are reasonable for a case of this kind, and there is no significant duplication of services by them; it was reasonable for these attorneys to work jointly on this appeal, and the judge erred in his ruling to the contrary in the order under review.
Accordingly, the order is vacated and the cause is once again remanded for redetermination of a reasonable appellate attorneys' fee.
MOTION FOR REVIEW GRANTED, ORDER VACATED.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] The judge commented:

Judge: I just got through reading my order and on the basis of my order without a brief I reversed my order. It's that damn plain.
Ms. Pelzman: Hindsight is great.
Judge: It's that damn plain because I found that the guy had an accident  that he had a prior accident and I just  I didn't believe the doctor that said he wasn't injured. That's about what I said and on the basis of that I reversed it without 20 pages of argument or 20 hours of legal work. I don't think the Lodestar case applied at all in this case and I think you both duplicated time. I'm going to award a fee of  Now, this is going to go up on appeal again. I'm going to award a fee of $4,000.00 for both parties to split it however you wish and that's it. That's all the appellant [sic] work is worth. I am convinced. Good day, gentlemen, lady. Send me an order.
(R. 40-41).