597 So.2d 877 (1992)
Robert MIRLISENA, Appellant,
v.
CHEMLAWN CORPORATION and Scott Wetzel Services, Appellees.
No. 91-961.
District Court of Appeal of Florida, First District.
April 13, 1992.
Rehearing Denied June 1, 1992.
*878 Renee R. Pelzman of Pelzman & Ruska, Coral Gables, for appellant.
G. William Allen, Jr. of Walton, Lantaff, Schroeder & Carson, Ft. Lauderdale, for appellees.
SMITH, Judge.
Appellant challenges an order entered by the Judge of Compensation Claims (JCC) denying his motion for imposition of interest on an award of attorney's fees. Finding the JCC had become divested of jurisdiction to award interest by the time appellant's motion for interest was filed, we affirm the order.
Appellant filed a claim for benefits which the E/C, the appellees, controverted. Following a hearing, appellant's claim was denied by the JCC. However, appellant prevailed on appeal, Mirlisena v. Chemlawn Corp., 527 So.2d 908 (Fla. 1st DCA 1988). Thereafter, the cause was remanded to the lower tribunal for assessment of appellate attorney's fees. That award was similarly appealed by appellant, and he again prevailed. Mirlisena v. Chemlawn Corp., 567 So.2d 986 (Fla. 1st DCA 1990). The cause was again remanded for reconsideration of a reasonable appellate attorney's fee. Thereafter, an award was made to appellant's present counsel on appeal as well as a former appellate co-counsel, who is not involved in the instant appeal. This latter award of attorney's fees was entered on November 27, 1990.
On February 1, 1991, the JCC received a motion from appellant, dated January 31, 1991, seeking imposition of interest on the award of attorney's fees. Specifically, appellant alleged in the motion that attorney's fees were due and payable on November 27, 1990, but that a draft in payment of the fee award was not forwarded until December 27, 1990.
After receiving argument of counsel, the JCC entered an order finding that appellant was not entitled to interest. The JCC did not explain the factual or legal basis for this conclusion, but presumably he agreed with the E/C, that a party has 30 days from the date of the fee order to pay it or appeal it.
Section 440.25(4)(a), Florida Statutes (1989), provides as follows:
Beginning on October 1, 1979, procedures with respect to appeals from orders of judges of compensation claims shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such an order to the parties, unless appealed pursuant to such rules.

(Emphasis added).
The certificate of service on the challenged order reveals copies were mailed on November 27, 1990. Appellant's motion for interest was filed long after the 30 day period had expired. Accordingly, the JCC had no jurisdiction to entertain any motion that was not one seeking modification or *879 was not simply a new claim. Thus, we affirm the result reached below.
As to the merits of appellant's argument, we are in agreement with him. Interest on an award of attorney's fees is payable as of the date an award is made. See, Stone v. Jeffres, 208 So.2d 827 (Fla. 1968). Thus, but for the JCC's lack of jurisdiction, the motion for interest on the attorney's fee award should have been granted.
Our decision in this case does not leave either party at a disadvantage. Upon request, attorney's fee orders can be structured so as to provide a due date allowing sufficient time for processing and mailing checks. On the other hand, when a payment is not timely made, the payee may seek an interest award by motion filed within 30 days after mailing of the order.
Accordingly, we AFFIRM the order under appeal.
BOOTH and BARFIELD, JJ., concur.