PER CURIAM.
This cause is before us on appeal from an order awarding credits, rents, attorney fees, and costs following dissolution of marriage. The only issue on appeal is whether the trial court erred in awarding to Mr. Sullivan one-half the rental value of the marital residence from the date of entry of the order of dissolution of marriage.
In Bailey v. Parker, 492 So.2d 1175, 1177 (Fla. 1st DCA 1986), this court held that:
[WJhere a cotenant has exclusive possession of property owned as tenants in common, and uses the property for his own behalf and does not receive rents or profits therefrom, the tenant in possession is not accountable to the tenant out of possession unless the tenant in possession holds the property adversely or as the result of ouster or its equivalent. Coggan v. Coggan, 239 So.2d 17 (Fla.1970). In order to prove ouster, a tenant in common must show acts by the tenant in possession inconsistent with, and exclusive of, the rights of the cotenant and knowledge by the cotenant of the tenant in possession’s acts, [emphasis in original]
An award of rents would be proper if there was an active or constructive ouster of Mr. Sullivan from the premises. From our review of the record, we are unable to determine whether the trial court found ouster.
Accordingly, we remand for appropriate findings in light of Bailey.
BOOTH, WOLF and KAHN, JJ., concur.