610 So.2d 721 (1992)
Joyce SPAULDING, Appellant,
v.
ALBERTSON'S, INC. and Diversified Risk Administrators, Inc., Appellees.
No. 91-3834.
District Court of Appeal of Florida, First District.
December 29, 1992.
Rehearing Denied February 2, 1993.
*722 Susan W. Fox of MacFarlane, Ferguson, Allison & Kelly, Tampa, Dean Burnetti and H. Guy Smith, P.A., Lakeland, for appellant.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller, Goldman, Freeman & Lovell, P.A., St. Petersburg, for appellees.
SMITH, Judge.
Claimant appeals an order of the judge of compensation claims (JCC) determining an amount of appellate attorney's fees. She contends, and we agree, that the JCC was under the mistaken impression that the statutory guideline fee of section 440.34(1), Florida Statutes (1989) is the appropriate starting place for the determination of appellate attorney's fees. Therefore, the JCC's subsequent calculation of a fee, based as it was upon an erroneous application of the law, must be reversed. However, we affirm the JCC's conclusion that interest on an award of appellate attorney's fees is payable as of the date the award is made by the JCC.
Claimant successfully appealed two merits orders regarding benefits. Spaulding v. Albertson's, 559 So.2d 1249 (Fla. 1st DCA 1990); and Spaulding v. Albertson's, 543 So.2d 858 (Fla. 1st DCA 1989). After each appeal, appellate attorney's fees were awarded and the cause was remanded to the JCC for a determination of amount. The JCC held one hearing on attorney's fees.
At the hearing, claimant's counsel testified that she charges between $125 and $150 an hour for non-contingent appellate work. She undertook this claimant's appeal on a contingency basis, however. According to her, in order for a contingent compensation case to be economically competitive with her non-contingent work, the *723 hourly rate must exceed $150 an hour. She felt that to be competitive, an appropriate fee in this case should be between $300 and $450 an hour. She offered several reasons for this opinion. First, there is a significant delay after the work is performed before a contingent fee is recovered, sometimes several years. Second, any type of deferred billing and collection case needs to bear a higher hourly rate to remain competitive with other work. Third, she expressed the view that the hourly rate should consider the additional time necessary to resolve or litigate the amount of the fee, and the inability to recover standard costs such as photocopying of briefs, telephone charges and postage. Counsel introduced an expert witness who concurred in her assessment of the fee.
On the other hand, defense counsel testified that he charged the carrier $80 an hour for his work in this case. He offered an expert who testified that the hourly rate in this case should be adjusted downward to $130 per hour based upon the amount of benefits at stake.
The JCC's order on appellate attorney's fees discusses the factors enumerated in section 440.34(1)(a)-(h). Observing that the statutory fee schedule is the customary fee in workers' compensation case, the JCC concluded that the statutory guideline would be inadequate because the amount of benefits at issue in this case was only approximately $18,000. He accepted $125 to $150 per hour as a reasonable fee and rejected counsel's contention that the fee should be $300 to $400 per hour, commenting that counsel was requesting the court to apply a lodestar approach, using a contingency factor [discussed in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985)] to determine appellate fees, an approach which has been expressly rejected by this court in Mirlisena v. Chemlawn Corp., 567 So.2d 986 (Fla. 1st DCA 1990). The JCC further said:
The fee in these appeals was by no means certain. I find that when appellant's attorney accepted these appeals, the outcome was uncertain. Her agreement with claimant's counsel contemplated a contingent fee with the exception of costs. I find this factor supports the award of an amount over and above the statutory guideline fee and supports an hourly rate of $150 per hour.
Claimant's counsel filed a request for clarification seeking an award of interest on attorney's fees from the date of the two orders of this appellate court granting the fees and remanding for determination of amount. This would amount to $1,753 interest on the amount of fees due as the result of the first appeal, and $1,132 interest on the amount of attorney's fees due as the result of the second appeal. The court denied the request for interest.
In Cohen v. T & M Auto Service, 542 So.2d 452 (Fla. 1st DCA 1989), this court rejected the assertion that section 440.34(1) mandates calculation of appellate attorney's fees in workers' compensation cases based upon the statutory percentage-based "starting place" for fees. In Cohen, the deputy calculated a "starting place" fee based upon the hours expended by the appellate attorneys multiplied by an appropriate hourly rate. He then considered section 440.34(1)(a)-(h) and, based on these factors, increased the hourly rate and arrived at an $11,000 fee. This court found that the deputy's calculation of appellate fees was well-reasoned and appropriate.
Because the JCC was under the erroneous impression that he was required to calculate an appellate attorney's fee using the statutory guideline percentage-based fee as a starting place, we must reverse the award of a fee and remand for redetermination of amount. Upon remand, the JCC should consider the following comments in arriving at an appropriate fee.
The calculation of appellate attorney's fees does not lend itself to any one hard and fast rule, but necessarily must be left to the wide discretion reposed in the JCC. While we agree with claimant that any calculation must reasonably compensate an attorney taking a case with an inherent contingency risk, for a client who is unable to pay customary rates for representation, we have previously rejected the *724 notion that a claimant is entitled to a fee based upon a lodestar figure multiplied by a contingency risk factor. Mirlisena v. Chemlawn Corp., 567 So.2d 986 (Fla. 1st DCA 1990). Nor is the JCC required to take into account the statistics regarding a claimant's chances for success on appeal when awarding a fee. Because claimants' attorneys have a higher statistical chance of losing appeals, if that be the case, does not mean that when a claimant prevails in one appeal, the employer/carrier at risk in that appeal should subsidize the attorney who has unsuccessfully handled the appeals of other unrelated claimants.
On the other hand, we reject the suggestion that an award of fees to a claimant's attorney should be influenced or controlled by evidence of the hourly rate charged by defense lawyers. The practice of the defense bar, with their fixed hourly rates, repetitive employment, and virtual guaranteed payment by solvent insurance companies, cannot be compared to the risk assumed by claimants' attorneys in handling the appeals of workers' compensation claimants. For defense work, fees are usually paid when billed and deferred billing and collection is not ordinarily a problem. Defense counsel also may recover costs the claimant's attorney cannot, and is paid for the time necessary to litigate the amount of the fee.
Turning to the issue of when interest begins to run on an award of attorney's fees, we find that the rule is well-established that interest on an award of appellate attorney's fees is payable as of the date the award is made by the JCC. Mirlisena v. Chemlawn Corp., 597 So.2d 877 (Fla. 1st DCA 1992); see also Stone v. Jeffres, 208 So.2d 827 (Fla. 1968); Okaloosa County Gas District v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981); and St. Regis Paper Co. v. Pellizzeri, 394 So.2d 234 (Fla. 1st DCA 1981).
Notwithstanding the foregoing rule, claimant contends, citing Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989), that interest on a statutory or contractual attorney's fees award should run from the date the attorney's right to receive the fee becomes fixed, even though the amount of the fee remains for later determination. In essence, claimant seeks an award of prejudgment interest on appellate attorney's fees.
The rule governing prejudgment interest is found in Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1965). That case provides that when a verdict liquidates damages on a plaintiff's out-of-pocket pecuniary losses, the plaintiff is entitled to prejudgment interest from the date of that loss. Therefore, the two pre-requisites to a prejudgment interest award are: (1) out-of-pocket, pecuniary loss; and (2) a fixed date of that loss.
The first requirement for prejudgment interest, out-of-pocket pecuniary loss for the claimant, is not met in this case. The Inacio case upon which claimant relies is distinguishable. In that case, the client had entered into a contingent fee contract with the attorney. When the parties settled, the client became obligated to pay the fee pursuant to the contract even though litigation remained with the insurance company over its statutory liability for fees. As this court explained:
It is beyond dispute that Inacio retained an interest in the fee award because the contingency percentage was due and payable to the attorneys immediately upon receipt of the recovery pursuant to the settlement, regardless of the outcome of Inacio's claim for statutory attorney's fees against State Farm.
Id. at 96.
The same analysis does not apply in this case. Claimant did not become obligated to pay her appellate attorney a fee at the time this court determined to award appellate attorney's fees. This court's order merely granted appellant's motion for an award of fees, leaving the determination of amount and entry of an order for payment as matters to be effected by the JCC. Interest therefore began to accrue on the date of the JCC's order.
*725 AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
WIGGINTON and WOLF, JJ., concur.