GRIFFIN, Judge.
This is an appeal of a final order dismissing a petition for a rule nisi to enforce an order of a judge of worker’s compensation claims. We reverse.
Appellant Ann Thompson (“Thompson”) was the claimant in a worker’s compensation proceeding against the Department of Health and Rehabilitative Services (“DHRS”). By order dated January 14th, 1992, she was awarded attorney’s fees and costs based on the successful prosecution of her claim for compensation. The order was silent on the issue of interest. Thompson received payment of the costs on February 10, 1992. On February 13, 1992, she received payment of all attorney’s fees.
Thompson filed a petition for rule nisi[1] in the circuit court on April 1, 1992, alleging that DHRS, or its carrier or servicing agent, had failed to fully comply with the terms and conditions of the January 14, 1992 order by its failure to pay “statutory interest” on the award. The complaint sought interest from the date of entry of the award until the date payment was made. Thompson also sought costs and attorney’s fees for the rule nisi proceeding. Thompson later filed a motion for summary judgment. The court heard both motions and by order denied the motion for summary judgment and dismissed the petition for rule nisi with prejudice, finding that DHRS was not obligated to pay interest on the award of attorney’s fees and costs because the compensation order did not expressly award interest.
The issue on appeal is whether a claimant in a worker’s compensation proceeding is entitled to interest on an award of attorney’s fees and costs from the date of entry of the award until the date of payment, even though the award is silent on this issue. Thompson contends that such an award bears interest by operation of law from the date of entry through the date the award is paid.
It is well settled that interest on an award of attorney’s fees in a worker’s compensation proceeding runs from the time of entry of the award. Stone v. Jeffres, 208 So.2d 827, 830 (Fla.1968).[2] In Stone, the Florida Supreme Court reasoned that such an award was a “judgment” within the meaning of section 55.03, Florida Statutes, which provided that all “judgments and decrees” are to bear interest at the statutory rate. 208 So.2d at 829. The court further observed that any other rule would encourage the payor to delay payment of fees. 208 So.2d at 830.
DHRS relies principally on Mirlisena v. Chemlawn Corp., 597 So.2d 877 (Fla. 1st DCA 1992), in which the claimant had moved the judge of compensation claims for interest on an award of attorney’s fees after the judge’s award had become final.[3] The judge denied the award and the claim *335 ant appealed. The First District Court of Appeal agreed that the judge had no jurisdiction to entertain the motion once the award had become final. Nevertheless, the court stated:
As to the merits of appellant’s argument, we are in agreement with him. Interest on an award of attorney’s fees is payable as of the date an award is made. See, Stone v. Jeffres, 208 So.2d 827 (Fla.1968). Thus, but for the JCC’s lack of jurisdiction, the motion for interest on the attorney’s fee award should have been granted.
The court went on to say, however:
Our decision in this case does not leave either party at a disadvantage. Upon request, attorney’s fees orders can be structured so as to provide a due date allowing sufficient time for processing and mailing checks. On the other hand, when a payment is not timely made, the payee may seek an interest award by motion filed within 30 days after mailing of the order.
597 So.2d at 879. It is this language that DHRS relies on for its argument that no interest is payable unless the compensation judge expressly authorizes interest, and the claimant only has thirty days to get the proper order entered or interest cannot be recovered at all.
We cannot entirely explain the quoted language in Mirlisena since the award carries interest by operation of law from the entry of the judgment[4] and to require the order to include a statement to the effect that it carries interest would be surplusage. Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA), cert. denied, 188 So.2d 820 (Fla.1966). At most, it appears the First District was suggesting that a judge of compensation claims could establish a date payment is “due” which differs from the date the judgment is entered.
Nor can we agree with DHRS that an award of interest is not recoverable in a rule nisi proceeding pursuant to section 440.24. Given that the award carries interest by operation of law, requiring DHRS to pay interest is merely the equivalent of enforcing the order according to its terms. In fact, the use of rule nisi proceedings to recover such interest was implicitly approved in Mander v. Concreform Co., 212 So.2d 631 (Fla.1968). The lower court’s dismissal of the application for rule nisi is reversed and remanded for an award of interest.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.

. § 440.24, Fla.Stat. (1991).

. The parties agree that the award was entered on January 14, 1992.

. Section 440.25(4)(a), Florida Statutes, provided:
[The order of a judge of compensation claims] shall become final 30 days after mailing of copies of such an order to the parties, unless appealed pursuant to such rules.

. Stone, 208 So.2d at 829-30.