DAVIS, J.
This is a workers’ compensation appeal challenging as unreasonable the amount of *400 attorney’s fees awarded to claimant. Finding no abuse of the JCC’s discretion in this matter, we affirm.
After claimant’s counsel successfully prosecuted claimant’s controverted repetitive trauma injury claim, the parties agreed that the amount of claimant’s attorney’s fee would be based upon the hours expended rather than the statutory guideline fee and that evidence as to the amount of the fee to be awarded would be submitted by expert affidavits. Claimant’s counsel filed a verified petition listing total attorney time of 332.40 hours and paralegal time in the amount of 20.30 hours. When multiplied by the sum of $250.00 an hour, which claimant’s fee expert averred was reasonable, the hours claimant’s counsel expended yielded a total fee of $83,100.00. The E/C’s attorney-fee expert, however, opined that both the hourly rate and the hours claimed to have been spent by claimant’s counsel on this case were excessive.
Following the hearing, the JCC entered an abbreviated final order, finding reasonable only 160 hours of attorney time, at $200.00 per hour, and 6.7 hours of paralegal time at $65.00 per hour, resulting in a total attorney’s fee of $32,000.00, and a paralegal fee of $435.50. Claimant filed a motion to vacate the abbreviated final order and a request for entry of a detailed final order. The JCC granted the motion, vacated the abbreviated final order, and issued a detailed final order. In the detailed final order, the JCC further reduced the number of hours that he found to have been expended by claimant’s counsel from 160 to 155. The JCC additionally changed the hourly paralegal rate from $65.00 per hour to $55.00 per hour, and concluded that no penalties or interest would be assessed if the E/C paid the amounts ordered within 30 days from the date of the order.
In this appeal from the detailed final order, claimant first contends that the JCC abused his discretion by admitting, over claimant’s objection, the billing records of defense counsel in this fee hearing. We disagree. It is true that this Court rejects “the suggestion that an award of fees to a claimant’s attorney should be influenced or controlled by evidence of the hourly rate charged by defense lawyers.” Spaulding v. Albertson’s, Inc., 610 So.2d 721, 724 (Fla. 1st DCA 1992). Further, “the records of one’s opponent are, at best, only marginally relevant to the general issue of determining an appropriate amount of attorney’s fees to be awarded in a given case.” HCA Health Servs. of Fla., Inc. v. Hillman, 870 So.2d 104, 106 (Fla. 2d DCA 2003). However, in the context of determining a reasonable fee,
Florida has not yet adopted a hard and fast rule regarding the discovery and admission of opposing counsel’s fees. This reflects the salutary view that the discovery may be justified in some eases but not in others and that it is a matter that should rest within the sound discretion of the trial court.
Mangel v. Bob Dance Dodge, Inc., 739 So.2d 720, 724-25 (Fla. 5th DCA 1999).
Although the JCC did admit into evidence the records of E/C’s defense counsel, the JCC did so because the parties stipulated that the fee award should be determined by multiplying the number of hours reasonably expended by a reasonable hourly rate. The claimant’s attorney averred to having spent more than 332 hours on this case, and thus, the JCC was required to determine whether having spent in excess of 332 hours on this routine repetitive trauma case was reasonable. While the defense counsel’s records may have been only marginally relevant in this regard, we find no abuse of discretion in the JCC’s admission and consideration of *401 defense counsel’s billing records in this particular fee hearing. Moreover, it is disingenuous of claimant’s attorney to take the position in this appeal that the billing records of defense counsel were irrelevant to the determination of a reasonable fee, as it was claimant’s attorney who initially sought discovery of defense counsel’s records with regard to determination of her fee, arguing in her motion to compel discovery that these records were relevant and material to the determination of whether the hours she spent on this case were reasonable.
We also find no merit to appellant’s second contention that the final order is not supported by competent substantial evidence. The parties agreed that evidence as to the amount of the fee to be awarded would be submitted by expert affidavit. The JCC considered both experts’ affidavits. The JCC then sufficiently explained why he placed more weight on the opinions of the E/C’s expert than on the opinions of the claimant’s expert:
The Claimant’s attorney represented that she spent a total of 332.4 hours of attorney time ... plus 20.3 hours of paralegal time. The expert witness for the Claimant, Mr. Hill, appears to have simply adopted the time spent, both attorney and paralegal, without any limitation whatsoever. Such apparent lack of independent review or judgment limits the probative value of this opinion. I agree with the opinion of the expert witness for the E/C, Robert Keeter, that much of the time was excess. In fact, except as otherwise noted herein, I accept all of the opinions as expressed by Mr. Keeter oyer those of either Mr. Himes or Mr. Hill, as they are more credible, well-reasoned and logical. After considering the challenges voiced by the E/C, as well as after careful review of the time records in the Verified Petition, I accept the opinions expressed in the affidavit of Mr. Keeter, the expert witness for the E/C and find that only 155 hours of attorney time were spent on activity which should be the responsibility of the E/C.
The JCC’s adoption of 155 hours as reasonable is supported by the E/C’s éx-pert’s careful analysis of the time claimed to have been spent by claimant’s attorney. The E/C’s expert crossed through each and every time entry that he found to be excessive, explained why he believed the entry to be excessive, and then proposed an amount of time which, in the expert’s opinion, would have been reasonably spent on this case by an attorney who is as experienced at handling workers’ compensation cases as is claimant’s attorney.
Claimant’s third contention on appeal is that the JCC erred by allowing the E/C 30 days to pay the attorney’s fee award before claimant would be entitled to interest and penalties. Claimant has waived this issue for appeal. The 30-days-before-interest-accrues ruling was contained in the abbreviated final order. When claimant challenged the abbreviated final order and requested a more specific final order, claimant did not challenge this ruling. Moreover, when claimant’s request for a more specific final order was granted, this ruling was also included in that final order. Even though this ruling was arguably outside the scope of the issues presented and was arguably a matter of law or fact that the judge may have overlooked or misapprehended, claimant did not seek rehearing thereof. Florida Administrative Code Rule 60Q-6.122(2)(b) allows motions for rehearing of rulings that were outside the scope of the issues presented, and 60Q-6.122(2)(c) allows for motions for rehearing to seek clarifications in matters of law or fact that the judge may have overlooked or misapprehended. *402 Because claimant twice failed to provide the JCC notice and an opportunity to cure, claimant waived this issue for appeal.
Finally, there is no merit to claimant’s fourth contention on appeal, which is that the JCC “sanctioned” claimant’s counsel when she requested an appealable final order by further reducing the attorney’s fee award from 160 hours to 155 hours. The JCC accepted the testimony of E/C’s expert, which was that 155 hours were reasonable for this routine repetitive trauma case. The JCC explained that, in his original abbreviated final order, he had mistakenly concluded that the E/C’s expert opined that 160 hours were reasonable, when further scrutiny of the affidavit of the E/C’s expert revealed that the expert’s true opinion was that 155 hours were reasonable.
Accordingly, because the issues claimant raises on appeal are either without merit or were waived for appellate review, the JCC’s final order is affirmed.
LEWIS, J., concurs; ERVIN, concurs in result.