575 So.2d 312 (1991)
Mary Ann DEVOLDER and James Devolder, Appellants,
v.
Carolyn Garrett SANDAGE, Appellee.
No. 90-01214.
District Court of Appeal of Florida, Second District.
March 1, 1991.
*313 Sharon L. Wolfe of Cooper, Wolfe & Bolotin, P.A., Miami, and Grover, Ciment, Weinstein, Stauber & Friedman, P.A., Miami Beach, for appellants.
Bonita L. Kneeland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
RYDER, Judge.
Mary Ann and James Devolder (Devolders) challenge the trial court's order denying them full interest on their judgment entered pursuant to the mandate (judgment on mandate) in the original appeal of this personal injury case. We agree that the trial court erred in refusing to allow interest on the full amount, because defendant, Carolyn Sandage (Sandage), failed to give an unconditional tender.
On the Devolders' original appeal, this court reversed the judgment which reduced the Devolders' award by fifty percent and ordered the trial court to enter judgment on the unreduced amount of the verdict as reached by the jury. Devolder v. Sandage, 544 So.2d 1046 (Fla. 2d DCA 1989). The Devolders then moved for interest on the entire amount of the judgment on mandate. The trial court awarded only partial interest because Sandage had "tendered" the full amount of the original judgment and the Devolders had declined to accept the offer.
The judgment debtor has two options available to stop the accrual of interest on a judgment. First, the debtor can make an unconditional tender for the full amount due on the judgment. See Konigsburg v. Grand, 529 So.2d 1180 (Fla. 4th DCA 1988). In the instant case, Sandage tendered the full amount of the original judgment accompanied by a letter which stated that the check was in full satisfaction of the judgment and furthermore, Sandage enclosed a satisfaction of judgment which was to be signed. This was not an unconditional tender in this case because it required the Devolders to execute the satisfaction of judgment, thereby accepting the benefits of the original judgment while awaiting the resolution of their appeal. Acceptance of this tender would have foreclosed their rights on appeal, because the issue on appeal was whether the Devolders were entitled to a new trial on all of the damages. See McMullen v. Fort Pierce Financing & Const. Co., 108 Fla. 492, 146 So. 567 (1933). Therefore, this case does not fall under either exception to the "acceptance of benefits" doctrine. See Hurst v. First National Bank of Tampa, 381 So.2d 1194 (Fla. 2d DCA 1980).
The second option that a judgment debtor has is the ability to place the funds in the court registry. See § 55.141, Fla. Stat. (1987); Fla.R.Civ.P. 1.600. Therefore, if Sandage wanted to stop the accrual of interest with this procedure, it was her responsibility to place the funds in the court registry, not the Devolders'. See Gerardi v. Carlisle, 232 So.2d 36 (Fla. 1st DCA 1970).
Accordingly, because Sandage failed to make an unconditional tender, or to take advantage of the procedure for placing the funds in the court registry, we hold that this case falls under the reasoning of Gilmore v. Morrison, 341 So.2d 779 (Fla. 4th DCA 1976), wherein the court held that "where the judgment of a trial court is *314 modified upon appeal and not reversed, the modification stands as of the date of the original judgment, and interest accrues on the judgment as modified". Id. at 780.
We therefore reverse the trial court's denial of the motion for interest on the full amount, and remand with instructions to award the Devolders interest on the full amount of the judgment on mandate from the date of the original judgment.
Reversed and remanded.
SCHOONOVER, C.J., and THREADGILL, J., concur.