620 So.2d 991 (1993)
FLORIDA DEPARTMENT OF REVENUE, Petitioner,
v.
ORANGE COUNTY, et al., Respondents.
No. 80,685.
Supreme Court of Florida.
June 17, 1993.
Robert A. Butterworth, Atty. Gen., Joseph C. Mellichamp, III, Sr. Asst. Atty. Gen., and Jeffrey M. Dikman, Asst. Atty. Gen., Tallahassee, for petitioner.
Scott E. Wilt of Maguire, Voorhis & Wells, P.A., Orlando, for respondents.
KOGAN, Justice.
We have for review Orange County v. Florida Department of Revenue, 605 So.2d 1333 (Fla. 5th DCA 1992), which certified the following question of great public importance:

*992 When a property owner conveys property to a county under threat of condemnation and in lieu of eminent domain proceedings and the county is contractually bound to pay any documentary stamp tax assessed by the Department of Revenue on the transaction, is the transaction immune from such taxation even though the Department of Revenue imposes the tax directly upon the property owner?
Id. at 1335. We rephrase the question as follows:
Is a property transfer immune from the documentary stamp tax if it occurs as a result of an out-of-court settlement in a condemnation proceeding?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Battaglia Fruit Co. and Battaglia Properties, Ltd., entered into an agreement with Orange County to sell certain parcels in lieu of condemnation proceedings. The parties agree that the contract required Orange County to pay any documentary stamp tax that might be owed, although the contract also expresses the parties' belief that no documentary stamp tax would be owed because a tax-immune county government was the buyer.
The Department of Revenue (DOR) subsequently filed notices to assess taxes, interest, and penalties against the sellers pursuant to section 201.01, Florida Statutes (1989). Sellers then filed an action challenging the assessment and seeking a declaration of their liability. They argued the tax was not proper because it indirectly would tax a county government. Orange County subsequently was added as a plaintiff.
The parties agreed that no factual issues remained and moved for summary judgment. The trial court then entered final summary judgment in favor of DOR.
On appeal, the Fifth District held that Orange County was constitutionally immune from taxation, not merely statutorily exempt. Based on Lewis v. The Florida Bar, 372 So.2d 1121 (Fla. 1979), the district court concluded that the tax was improper because it would achieve indirectly what could not be achieved directly.
In every eminent domain case the Florida Constitution expressly requires the condemning authority to pay the property owner "full compensation" for the condemned property. Art. X, § 6, Fla. Const. Moreover, Florida law already has recognized that no documentary stamp tax can be assessed where the action goes to trial and the property then is transferred by a judgment of condemnation. See Fla. Admin. Code R. 12B-4.014(14) (1993). That being the case, we see no reason why the immunity should not apply with equal force when the parties to a condemnation proceeding transfer property as part of an out-of-court settlement. Any other conclusion would violate the public policy of encouraging out-of-court settlements and could undermine the constitutional mandate that property owners be made whole. Art. X, § 6, Fla. Const.
We acknowledge DOR's argument that property owners are made "whole" even if they must pay the documentary stamp tax, because a seller in any other transaction would be subject to the tax absent an agreement that the buyer must pay. However, we cannot agree with the analogy. The property owners here were not willing sellers. To the contrary, they were forced to sell under threat of condemnation. "Full compensation" within the meaning of the Constitution must be determined by reference to the state of affairs that would have existed absent any condemnation proceeding whatsoever, i.e., the owners retaining ownership. See id.
We conclude that both the Constitution and public policy require that in the context of condemnation proceedings, the act of transferring property as part of an out-of-court settlement is immune from the documentary stamp tax. The immunity here arises by necessary implication from the sovereign attributes of eminent domain and from article X, section 6 of the Florida Constitution. While the approach we adopt here may constitute a very limited form of *993 "transactional immunity,"[*] we need not and therefore do not address the question of whether a similar immunity presently exists in any other context. We limit our holding here solely to the context of condemnation proceedings.
The rephrased question is answered in the affirmative. The result reached by the district court is approved, and this cause is remanded for further proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
NOTES
[*] This is a transactional immunity only in a loose sense. Because of article X, section 6 of the Florida Constitution, the governmental agency would be liable for any documentary stamp tax owed, since payment is necessary to make the property owner whole. Taxing the seller thus would be the equivalent of taxing the governmental agency, with the "seller" as little more than a straw man.