Mr. James G. Yaeger Lee County Attorney Post Office Box 398 Fort Myers, Florida 33902-0398
Dear Mr. Yaeger:
You have asked the following questions:
1. Where conveyances are made in lieu of, or under threat of, a valid and proper condemnation, must an actual "condemnation proceeding" be filed in circuit court in order to establish that a real property transfer was a conveyance not subject to tax because of its "transactional immunity" as that phrase is used in Florida Department of Revenue v. Orange County?[1]
2. What documentary or record evidence would be sufficient to establish an immune real property transaction?
In sum:
1. Conveyances executed in lieu of, or under the threat of, county condemnation proceedings are immune from circuit documentary stamp taxation regardless of whether a circuit court condemnation action has been filed.
2. The Department of Revenue assesses the sufficiency of records and documentation when determining whether a deed has been executed in lieu of, or under threat of, condemnation proceedings and may require production of documents from the private taxpayer and from the county, such as a copy of the Board of County Commis-sioner's Resolution of Necessity to Condemn, any letters to the private property owner concerning the county's intent to condemn and the actual sales contracts.
Question One
In Florida Department of Revenue v. Orange County,[2] the Supreme Court of Florida addressed a certified question from the Fifth District Court of Appeal. That question, as rephrased by the Florida Supreme Court, was as follows:
Is a property transfer immune from the documentary stamp tax if it occurs as a result of an out-ofcourt settlement in a condemnation proceeding?
The Court held that such deeds were immune.[3] In reaching this conclusion, the Court noted that judgments of condemnation are not taxable. Thus, it concluded that deeds executed as "an outof-court settlement" of county condemnation proceeding should similarly not be taxable, reasoning that "[a]ny other conclusion would violate the public policy of encouraging out-of-court settlements and could undermine the constitutional mandate that property owners be made whole."[4]
You ask whether the Supreme Court's decision concerning "outof-court settlements" of "condemnation proceedings" is limited to situations in which a circuit court action has been filed. For reasons discussed below, I am of the opinion that no circuit court condemnation action need to have been filed.
In Florida Department of Revenue v. Orange County, supra, Battaglia Fruit Co. and Battaglia Properties, Ltd., entered into an agreement with Orange County to sell certain parcels in lieu of condemnation proceedings.[5] (e.s.) The Supreme Court affirmed the district court's holding that no documentary stamp tax was due on the transaction.[6] By approving the lower court's finding that no tax was due from the taxpayer corporations without requiring Orange County to have filed a circuit court condemnation action, the Supreme Court clearly held that filing of a circuit court condemnation action is not a precondition of transactional immunity.
In addition, the Court in Florida Department of Revenue v. Orange County, supra, expressed a policy objective of "encouraging outof-court settlements." This policy objective would logically apply with equal force to those "out-of-court settlements" that altogether avoid litigation and not just to those settlements that resolve pending litigation.[7]
Thus, it is my opinion that conveyances executed under threat of or in lieu of county condemnation proceedings are immune from documentary stamp taxation, regardless of whether a circuit court condemnation action has been filed.
Question Two
Section 213.05, Fla. Stat. (1993) provides that the Department of Revenue (department) is responsible for "regulating, controlling, and administering all revenue laws and performing all duties as provided in . . . chapter 201, excise tax on documents. . . ." Pursuant to section 213.34(1), Florida Statutes, the department is authorized to
audit and examine the accounts, books, or records of all persons who are subject to a revenue law made applicable to this chapter, or otherwise placed under the control and administration of the department for the purpose of ascertaining the correctness of any return which has been filed or payment which has been made, or for the purpose of making a return where none has been made.
Subsection (2) of section 213.34, Florida Statutes, provides that "[t]he department, or its duly authorized agents, may inspect such books and records necessary to ascertain a taxpayer's compliance with the revenue laws of this state, provided that the department's power to make an assessment or grant a refund has not terminated under s. 95.091(3)."
Florida law provides no detailed guidance on those specific records which a private taxpayer should produce or keep to verify a transactional immunity claim. In the absence of such legislative guidance on this issue, I am of the opinion that the department should look at the same types of evidence that would be relevant in a court proceeding involving the identical factual question.[8]
You have suggested that a copy of the Board of County Commissioner's Resolution of Necessity (to condemn) or a letter from the Department of County Lands notifying a private owner of the County's intent to condemn would suffice. These documents would be relevant in determining whether a deed was executed under threat of or in lieu of condemnation.
However, Florida Statutes do not limit the Department's ability to inspect books or records to a particular type or category of document. Therefore, the Department of Revenue would be entitled, under its statutory authority, to inspect and request production of any other relevant documentation. Other relevant documents could include, for example, any sales agreement entered in settlement between the county and the property owner. In fact, in the circuit court proceedings leading up to Florida Department of Revenue v. Orange County, supra, the parties had introduced, as part of their stipulated facts, copies of such sales agreements. These agreements reflected, among other things, that the sales were in lieu of formal condemnation proceedings.
In conclusion, it is my opinion that the Department of Revenue may insist upon production of any and all documentation that it deems necessary to verify a taxpayer's immunity claim. Such documentation would ordinarily include the notice of intent to condemn, letters addressed to the property owner informing him of the county's intent to condemn and the sales contract executed in lieu of condemnation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] 620 So.2d 991 (Fla. 1993).
[2] Id.
[3] Id. at 992.
[4] Id. Cf., Art. X, s. 6(a), Fla. Stat. (No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner or secured by deposit in the registry of the court and available to the owner).
[5] Id. at 992.
[6] Id. at 992.
[7] Id. at 992.
[8] See, s. 90.401, Fla. Stat. (1993), of the Florida Evidence Code, stating that relevant evidence is evidence tending to prove or disprove a material fact.