678 So.2d 904 (1996)
METROPOLITAN DADE COUNTY and Metropolitan Dade County Self-Insured Fund, Appellants/Cross-Appellees,
v.
Willie Belle ROLLE, Appellee/Cross-Appellant.
Nos. 95-3918, 95-3920.
District Court of Appeal of Florida, First District.
August 23, 1996.
*905 Jacqueline M. Gregory of Kelley, Kronenberg, Kelley, Gilmartin & Fichtel, P.A., Miami Lakes, for Appellants/Cross-Appellees.
Paul Morris of the Law Offices of Paul Morris, P.A., Coral Gables, and Alfred Gustinger, Jr., Homestead, for Appellee/Cross-Appellant.

ON MOTION FOR REHEARING
ERVIN, Judge.
Appellee/cross-appellant Willie Belle Rolle's motion for rehearing is granted. We withdraw our prior opinion of June 11, 1996, and substitute for it the following decision.
Appellee/cross-appellant, Willie Belle Rolle, the claimant below, was awarded 24hour attendant care by a licensed practical nurse and $210,000 in attorney's fees. The attorney's fee award was reversed on appeal and the case remanded for recalculation of the fee under section 440.34(1), Florida Statutes (1977). Rolle v. Metropolitan Dade County, 642 So.2d 100 (Fla. 1st DCA 1994) [hereinafter Rolle I.] Appellants/cross-appellees, Metropolitan Dade County and its carrier, Metropolitan Dade County Self-Insured Fund (the E/C), appeal the award, following remand, of $341,250 in attorney's fees, arguing that it was not based on competent, substantial evidence (CSE), that it was improperly calculated using a growth rate, and that the order granting 24-hour attendant care was procured through fraud. Claimant cross-appeals the denial of interest on the fee from the entry of the original order awarding $210,000. We affirm all issues raised in the main appeal without further comment, but reverse that asserted in the cross-appeal.
In disallowing interest, the JCC expressly relied on Stone v. Jeffres, 208 So.2d 827 (Fla.1968), and its progeny, Mander v. Concreform Co., 212 So.2d 631 (Fla.1968); Spaulding v. Albertson's, Inc., 610 So.2d 721 (Fla. 1st DCA 1992); and Okaloosa County Gas District v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981). The courts in those cases all cite the general rule, applicable to workers' compensation cases, that interest on an attorney's fee award runs from the date the judge of compensation claims (JCC) entered the award. The JCC below specifically emphasized in his order a statement in Mander that attorney's fees bear interest from the date of the award, "unless the award is reversed on review or appeal." Mander, 212 So.2d at 631 (emphasis added). The JCC reasoned that as the fee was reversed in Rolle I, claimant was not entitled to interest on the fee dating back to the rendition of the original order awarding $210,000. We are of the opinion that the judge misread the import of the above language in Mander.
The equities in this case permit a narrow exception to the Mander rule, never explicitly asked or addressed in any prior workers' compensation case, thereby allowing postjudgment interest to accrue on a fee award that is reversed on appeal and increased on remand, under circumstances such as those at bar in which the claimant's entitlement to a fee is never made an issue. In recognizing this exception, we note that claimant has been entitled to a reasonable attorney's fee since December 1992, when the order awarding her $210,000 in attorney's fees was originally entered, but the E/C has thus far refused to pay any amount. In fact, the E/C in the prior appeal never contested the claimant's entitlement to fees, yet it has wrongfully retained hundreds of thousands of dollars owed in attorney's fees for nearly four years.
*906 Finally, we cannot discern how the E/C can in any manner be said to have suffered prejudice. If the E/C had desired to prevent the accrual of interest on the sum originally ordered, it could have availed itself of a clearly defined procedure for so doing, as outlined in Devolder v. Sandage, 575 So.2d 312 (Fla. 2d DCA 1991), i.e., (1) by making an unconditional tender of the full amount due on the judgment, or (2) by placing the funds in the court's registry. Id. at 313. As the E/C in the present case did neither,[1] we hardly think it can validly claim that it has been prejudiced by being required to pay interest on an amount it did not dispute on appeal.
In conclusion, we affirm the award of $341,250 in attorney's fees. We reverse, however, the denial of interest on $210,000 and remand with directions for the JCC to award statutory postjudgment interest on that amount from the date of the original order granting the fee award through the date of the order on remand granting $341,250 in fees. Postjudgment interest will, of course, accrue from the date of the order awarding $341,250, until that amount is paid, as directed by the JCC.
AFFIRMED in part, REVERSED in part and REMANDED with directions.
KAHN and DAVIS, JJ., concur.
NOTES
[1] The E/C's original tender of $210,000 was not unconditional. See Devolder (tender conditioned upon plaintiffs executing satisfaction of judgment was not unconditional).