692 So.2d 284 (1997)
WELLS FARGO ARMORED SERVICES and The Travelers, Appellants,
v.
Jerry LEE, Appellee.
No. 96-3221.
District Court of Appeal of Florida, First District.
April 28, 1997.
*285 Susan Sapoznikoff Foltz of Granger, Santry, Mitchell & Heath, P.A., Tallahassee, for Appellants.
Arthur C. Beal, Jr., of Beal & Soto, Tallahassee, for Appellee.
ERVIN, Judge.
Wells Fargo Armored Services and its insurer, The Travelers (collectively, the E/C), appeal a final workers' compensation order that directed the E/C to pay claimant's attorney a legal fee of $26,825, together with prejudgment interest thereon from June 13, 1995, the date an order was entered determining his entitlement to attorney's fees. The E/C asserts that the judge of compensation claims (JCC) erred in employing an hourly rate of $185 to determine the fee, and by misapplying Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), and Metropolitan Dade County v. Rolle, 21 Fla. L. Weekly D1365, 1996 WL 310016 (Fla. 1st DCA June 11, 1996), in awarding prejudgment interest. We affirm the amount of the award, but reverse the imposition of prejudgment interest.
In regard to the amount of the award, the JCC determined that a statutory fee was inappropriate under the circumstances of this case, and instead awarded $26,825, based on findings that 145 hours were reasonably expended on the case and that a reasonable hourly fee was $185. The E/C contends that it was error for the JCC to calculate the hours expended by a nonboard-certified associate attorney, O'Quist, at the same rate as the board-certified attorney, Beal. The JCC, in declining to differentiate between the status of the two attorneys on the basis of an hourly rate, relied on Beal's testimony that he had prepared and counseled O'Quist without charge, thereby justifying a somewhat higher hourly rate for O'Quist. Because the JCC's ruling is supported by competent, substantial evidence, the award is affirmed. Swanigan v. Dobbs House, 442 So.2d 1026 (Fla. 1st DCA 1983).
We agree, however, with the E/C's argument that the JCC erred in awarding prejudgment interest from June 13, 1995, when the JCC entered a previous order finding claimant was entitled to an award of attorney's fees, but reserving jurisdiction to determine the amount. We have been unable to find any legal basis for the award of prejudgment interest on fees in workers' compensation cases before the amount of the fee has been established. See Mander v. Concreform Co., 212 So.2d 631 (Fla.1968); Stone v. Jeffres, 208 So.2d 827 (Fla.1968); Metropolitan Dade County v. Rolle, 678 So.2d 904 (Fla. 1st DCA 1996) (on reh'g); Spaulding v. Albertson's, Inc., 610 So.2d 721 (Fla. 1st DCA 1992); Okaloosa County Gas Dist. v. Mandel, 394 So.2d 453 (Fla. 1st DCA 1981).
*286 In allowing prejudgment interest, the JCC relied on the Florida Supreme Court's opinion in Quality Engineered Installation, Inc., and this court's initial opinion in Metropolitan Dade County v. Rolle. The court in Quality Engineered Installation held that interest on a fee begins to accrue from the date entitlement to the fee is fixed, "even though the amount of the award has not yet been determined." 670 So.2d at 931.
Our original opinion in Rolle had included a footnote, in which we stated: "We recognize that an argument might be made under Quality Engineered Installation for an award of prejudgment interest on the new $341,250 award relating back to entry of the order determining entitlement ... but Rolle did not make that argument below and is therefore precluded from doing so now." Rolle, 21 Fla. L. Weekly at D1366 n. 1. We deleted that language, however, in our opinion on rehearing, Metropolitan Dade County v. Rolle, 678 So.2d 904 (Fla. 1st DCA 1996), which was released after the JCC entered the order in the case now on review.
The facts in Rolle, moreover, are distinguishable from those at bar. In Rolle, we allowed statutory postjudgment interest on an attorney's fee award of $210,000, notwithstanding that the amount was later reversed, through the date of the order on remand increasing the award to $341,250. In so doing, we recognized a narrow exception to the general rule in workers' compensation cases set forth in Stone v. Jeffres, Mander v. Concreform Co., Spaulding v. Albertston's, Inc. and Okaloosa County Gas District v. Mandel, holding that interest on an attorney's fee award runs from the date the JCC enters the award. Thus, Rolle, unlike the case at bar, involved a situation wherein both entitlement and the amount of the fee had been determined in the same order.
We also find Quality Engineered Installation distinguishable, because it did not involve the assessment of a fee under the workers' compensation statute, section 440.34, Florida Statutes, but instead appears to pertain to a fee arising from a contract. Neither did the court in Quality Engineered Installation refer to its prior opinions in Mander v. Concreform Co. and Stone v. Jeffres, both of which are workers' compensation cases.
Realizing that the award of attorney's fees is in derogation of common law, we are reluctant to extend the rule announced in Quality Engineered Installation to a factual situation which was not similar to that before the supreme court. In so concluding, we are of the view that the legislature has manifested an intent precluding the payment of attorney's fees until the amount for same has been finally established by order. Section 440.34(1), Florida Statutes (1993), provides that no fee shall be paid for services rendered for a claimant "unless approved as reasonable by the judge of compensation claims," and the JCC below did not approve the fee until he entered the order setting the amount. Moreover, the statute clearly expresses a preference for a claimant's responsibility for payment of his or her own attorney fees, except under the narrow circumstances specified. See § 440.34(3)(a)(d), Fla. Stat.[1]
Having so concluded, we nevertheless acknowledge that the broad language the court employed in Quality Engineered Installation could be reasonably extended to cases other than those involving contractual disputes. For example, the court cited with approval such cases as Inacio v. State Farm Fire & Casualty Co., 550 So.2d 92 (Fla. 1st DCA 1989), and Mason v. Reiter, 564 So.2d 142 (Fla. 3d DCA 1990). Those cases reiterate the rule stated in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985), that prejudgment interest is simply another element of a party's pecuniary damages; therefore, once a party's liability for fees is established, such date fixes the time for awarding prejudgment interest on fees, notwithstanding that the actual amount of same has not yet been determined.
Moreover, the supreme court's opinion in Quality Engineered Installation emphasized the unfairness that could otherwise result *287 from a rule denying prejudgment interest on fees awardable to the prevailing party simply because the amount had not previously been determined, noting that "[u]sing the date of the entitlement as the date of accrual serves as a deterrent to delay by the party who owes the attorney fees." Id. at 931. Finally, the court quoted with approval certain language from this court's opinion in Inacio v. State Farm Fire & Casualty Co., in which we had endorsed the running of prejudgment interest on an attorney's fee awarded pursuant to section 627.428(1), Florida Statutes, from the date of settlement between an insured and his insurer up to and including the time the trial court later determined the amount of fees. The court explained its rationale for allowing prejudgment interest on fees, when the amount had not yet been determined, in the following terms:
For us to rule to the contrary would be to penalize the prevailing party, Inacio, for State Farm's delay in paying the attorney's fees found due after their concession of liability upon settlement of the underlying claims; it would reward State Farm for continuing to contest Inacio's reimbursement of attorney's fees by allowing State Farm interest-free use of the money for more than a year. Such a result would be inconsistent with the intent and purpose of statutory provisions allowing attorney's fees to the prevailing party.
Id. at 97-98.
The statutory purpose behind an award of attorney's fees to a prevailing workers' compensation claimant appears indistinguishable from that authorizing fees against an insurer which denied uninsured motorist benefits to its insured. Compare the above quoted language with that used in Stone v. Jeffres, 208 So.2d at 830:
We are impressed with the suggestion which was made in oral argument that unless such interest is allowed, temptation will be afforded to delay payment of attorneys' fees by resorting to appeals in situations which could work hardships upon persons ordinarily least able to be burdened by any delays in compensation cases.
Because, therefore, we are uncertain whether the supreme court's decision in Quality Engineered Installation was intended to allow prejudgment interest to accrue on attorney's fees awarded in workers' compensation cases from the date entitlement is determined, even though the amount has not yet been fixed, we certify the following question to the Florida Supreme Court as one of great public importance:
Does the court's decision in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), extend to permit the accrual of prejudgment interest on attorney's fees, authorized pursuant to the Workers' Compensation Law, from the date entitlement to the fee is determined, when an amount for same has not yet been established?
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, C.J., and BENTON, J., concur.
NOTES
[1] Our disposition of the prejudgment issue moots consideration of the E/C's third point, asserting that if this court affirms the award of prejudgment interest, reversal is alternatively required because claimant's lawyers caused the delay in determining the amount of the fee.