713 So.2d 426 (1997)
CITY OF RIVIERA BEACH and Gallagher Bassett Services, Inc., Appellants,
v.
Christopher DELISO, Appellee.
No. 97-1227.
District Court of Appeal of Florida, First District.
November 19, 1997.
Rehearing Denied January 15, 1998.
Gary M. Schloss of Neil J. Hayes, P.A., Palm Beach Gardens, for Appellants.
Joseph A. Vassallo of Vassallo & Bilotta, Lake Worth, for Appellee.
ERVIN, Judge.
In this workers' compensation appeal from an order awarding attorney's fees, the employer and its servicing agent, City of Riviera Beach and Gallagher Bassett Services, Inc. (collectively, the E/SA), raise the following points in support of their position that the order must be reversed: (1) that the judge of compensation claims (JCC) erred in awarding prejudgment interest on the attorney's fee award from June 16, 1994, which is the date of an order approving the parties' stipulation on the issue of compensability, but reserving jurisdiction on the issue of attorney's fees; (2) that the JCC erred in finding that claimant, Christopher Deliso, is entitled to a fee on the value of future medical benefits as of the date he filed the claim for attorney's fees as opposed to the date he filed the claim for benefits; (3) that the JCC erred in including the value of the permanent total disability (PTD) benefits in the computation of benefits obtained by claimant's counsel for the purpose of awarding attorney's fees, because the E/SA voluntarily and timely commenced making PTD payments and thus these benefits did not flow from the *427 attorney's efforts; and (4) that the JCC was arbitrary and unreasonable by determining that claimant's attorney expended 176 hours, once the factors set forth in section 440.34(1)(a)-(f), Florida Statutes, are considered. We reverse as to the first two issues, affirm as to the third and, because of our disposition regarding points one and two, do not reach the merits of the final issue.
The first point is controlled by our decision in Wells Fargo Armored Services v. Lee, 692 So.2d 284 (Fla. 1st DCA 1997), review granted, No. 90,455, 699 So.2d 689 (Fla. Sept. 2, 1997), wherein we held that interest on a workers' compensation attorney's fee award does not begin to accrue until the amount has finally been established by order. Nevertheless, as we did in Wells Fargo, we certify the following question to the Florida Supreme Court as one of great importance:
Does the court's decision in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), extend to permit the accrual of prejudgment interest on attorney's fees, authorized pursuant to the Workers' Compensation Law, from the date entitlement to the fee is determined, when the amount for same has not yet been established?
Accordingly, we reverse as to this issue and remand with directions that the JCC delete from her order any sum allowed as prejudgment interest on the attorney's fee from June 16, 1994.
In regard to the second issue, we agree that the JCC erred in calculating the fee award based on the value of future medical benefits for a period of five years from the date claimant's counsel filed his claim for attorney's fees, rather from the date he filed the original claim for benefits. The five-year limitation on the inclusion of future medical benefits in an attorney's fee calculation is found in section 440.34(2), Florida Statutes (1993). That statute provides, for the purpose of determining the amount of "benefits secured" by claimant's attorney, that the "term [benefits secured] does not include future medical benefits to be provided on any date more than 5 years after the date the claim is filed." A review of the history of section 440.34(2) shows that before 1987, all reasonably predictable future medical benefits could be considered when awarding an attorney's fee. § 440.34(2), Fla. Stat. (1987). In 1989, the statute was amended to exclude future medical benefits provided more than five years "after the date a hearing is held to determine the value of the attorney's fee claimed." § 440.34(2), Fla. Stat. (1989). The statute was once again amended in 1991 to its current form, excluding future medical benefits provided more than five years after the date the "claim is filed."
Here, the claimant filed his original claim for benefits on November 17, 1993, but, in accordance with a local rule, he later filed a claim for attorney's fees on June 6, 1996. The JCC accepted claimant's argument that the operative date for the five-year cap is the date he filed the claim for attorney's fees. We disagree and hold that section 440.34(2), by employing the term "claim" in connection with the five-year cap, refers to the petition for benefits, not a separate claim for attorney's fees filed in accordance with a local rule. In so deciding, we have found no authority, in either the statutes, particularly section 440.34, or the Florida Rules of Workers' Compensation Procedure, authorizing a claimant to file a separate or independent claim for attorney's fees against an employer.
In reaching our decision, we have considered the legislative intent, as expressed in the staff analyses, behind the creation of the 1989 and 1991 amendments. Both amendments were enacted as a means of reducing the cost of workers' compensation insurance. See Fla. H.R. Comm. on Commerce, CS/HB 1767 (1989) Staff Analysis (June 20, 1989) (Fla. State Archives); Fla. H.R. Comm. on Commerce, CS/HB 3809 (1990) Staff Analysis (July 18, 1990) (Fla. State Archives). We therefore consider it inconceivable that the 1991 legislature reasonably contemplated that future medical benefits would extend five years from the date a separate claim for attorney's fees was filed. If we were to interpret the statute in the manner claimant advances, the result would be an increase in the amount of benefits secured, which would necessarily bring about a higher attorney's fee award, and *428 thereby contribute to an increase in the expense of workers' compensation insurance. Our conclusion is bolstered by Florida Rule of Workers' Compensation Procedure 4.9075, the approved form for filing petitions for benefits, which requires a claimant to request fees and costs in the original petition.[1]
We therefore reverse the award of fees insofar as it is based on benefits secured which include five years of future medical benefits dating from June 6, 1996, and direct the JCC to modify her order on remand by limiting consideration of such benefits to a span of no more than five years from November 17, 1993, the date the first petition for benefits was filed.
As to appellant's third contention that the JCC erred in including the value of PTD benefits in the computation of benefits secured by claimant's counsel, because such benefits did not result from the attorney's efforts, we disagree and affirm. The E/SA argues that such benefits were not obtained through counsel's labors, because it had voluntarily and timely commenced making PTD payments. We disagree and hold that the JCC properly included PTD benefits in the fee calculation, because the E/SA had initially controverted compensability. But for claimant's attorney's intervention, claimant's injury would not have been accepted as compensable and he would have received no benefits. Thus, all benefits that were obtained necessarily flowed from the attorney's efforts. See Groves v. Butler, 525 So.2d 1003 (Fla. 1st DCA 1988); Polote Corp. v. Meredith, 482 So.2d 515 (Fla. 1st DCA 1986) (on reh'g). Cases the E/SA cites for the proposition that an E/SA who contests a claim at the beginning of the case is not liable for attorney's fees on all subsequent benefits the E/SA voluntarily and timely pays are distinguishable, because they involve situations where the E/SA initially accepted compensability and later denied a particular benefit. See, e.g., International Paper Co. v. McKinney, 384 So.2d 645 (Fla.1980); Barr v. Pantry Pride, 518 So.2d 1309 (Fla. 1st DCA 1987); Samurai of the Falls, Inc. v. Sul, 509 So.2d 359 (Fla. 1st DCA 1987); Samper v. W.B. Johnson Properties, Inc., 481 So.2d 88 (Fla. 1st DCA 1986). Consequently, the JCC's inclusion of PTD benefits in the amount secured by claimant's lawyer is affirmed.
Finally, the E/SA argues that although the JCC awarded a statutory fee based on the amount of benefits obtained, she erred in utilizing 176 hours when she considered the hours claimant's attorney expended, as required by section 440.34(1), Florida Statutes (1993). Although we need not reach this issue, because the case must be reversed and remanded under the first two points, we nevertheless observe that the record contains competent, substantial evidence to support the JCC's finding of 176 hours.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, C.J., and BENTON, J., concur.
NOTES
[1] Claimant's reliance on Florida Rule of Workers' Compensation Procedure 4.144(c), previously designated 4.061(c), as authorizing an independent claim for attorney's fees is misplaced, because that rule pertains exclusively to contracts of representation between claimants and their attorneys.