705 So.2d 37 (1997)
PALM BEACH COUNTY SCHOOL BOARD and F.A. Richard, Appellants/Cross-Appellees,
v.
Roosevelt U. PAULK, Appellee/Cross-Appellant.
No. 96-4913.
District Court of Appeal of Florida, First District.
December 3, 1997.
Richard H. Gaunt and Kara Berard Rockenbach of Gaunt, Pratt, Radford & Methe, P.A., West Palm Beach, for Appellants/Cross-Appellees.
Jason J. Goldstone of Goodmark, Goodmark & Goldstone, P.A., West Palm Beach; Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach Gardens, for Appellee/Cross-Appellant.
PER CURIAM.
We reverse the order granting prejudgment interest on one portion of the attorney fee award from September 17, 1991, and on another portion from January 11, 1996, pursuant to Wells Fargo Armored Services, Inc. v. Lee, 692 So.2d 284 (Fla. 1st DCA 1997), review granted, 699 So.2d 689 (Fla. 1997). Because of our disposition, it is unnecessary to consider the cross-appeal, which asserted that prejudgment interest should have been awarded on the entire fee award from September 17, 1991. Nevertheless, we certify the same question certified in Wells Fargo:
Does the court's decision in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), extend to permit the accrual of prejudgment interest on attorney's fees, authorized pursuant to the Workers' Compensation Law, from the date entitlement to the fee is determined, when an amount for same has not yet been established?
In certifying the above question, we note that appellant has raised an argument this court has not previously considered. Appellant contends that this court properly found that Quality Engineered Installation was not controlling in workers' compensation cases, because of the criminal penalty provisions contained in chapter 440, Florida Statutes. Appellant explains that the award of prejudgment interest in Quality Engineered Installation was supported under the theory that the accrual of prejudgment interest could be avoided by tendering the fee. Appellant points out that under section 440.34(6), Florida Statutes (1989), which has since been transferred to section 440.105(3), Florida Statutes (Supp.1994), it is a misdemeanor for anyone to receive a fee in a workers' compensation case for services rendered unless the judge of compensation claims has approved the fee. This criminal *38 penalty provision, appellant contends, precludes it from tendering a fee prior to final approval by the judge and thereby bolsters the correctness of this court's decision in Wells Fargo.
REVERSED and REMANDED.
ERVIN, KAHN and DAVIS, JJ., concur.