PER CURIAM.
Vincent Fazio appeals an order of the judge of compensation claims awarding interest on attorney’s fees from February 5,1997, the date of the determination of the amount of the fees, rather than from October 16, 1996, the date of the determination of entitlement to fees. The question he raises on appeal is the identical question this court certified to the Florida Supreme Court as one of great public importance in Wells Fargo Armored, Serve. v. Lee, 692 So.2d 284 (Fla. 1st DCA 1997), review granted, 699 So.2d 689 (Fla.1997). In that case we certified the following question:
Does the court s decision in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), extend to permit the accrual of prejudgment interest on attorney’s fees, authorized pursuant to the Workers’ Compensation Law, from the date entitlement to the fee is determined, when an amount for same has not yet been established?
The parties agree that the ultimate resolution of the certified question in Wells Fargo will govern this appeal as well. Until the supreme court acts, we are bound to follow our own decision in Wells Fargo, 692 So.2d at 285. (“We have been unable to find any legal basis for the award of prejudgment interest on fees in workers’ compensation cases before the amount of the fee has been established.”).*
Affirmed.
BARFIELD, C.J., and DAVIS and BENTON, JJ., concur.

 See also Palm Beach County Sch. Bd. v. Paulk, No. 96-4913,-So.2d-(Fla. 1st DCA Dec. 3, 1997)(recertifying to the supreme court the question raised in Wells Fargo.); City of Riviera Beach v. Deliso, 22 Fla. L. Weekly D2645, - So.2d-(Fla. 1st DCA Nov. 19, 1997); Rea v. 7-11 Stores/Southland Corp., 22 Fla. L. Weekly D2416, - So.2d - (Fla. 1st DCA Oct.15, 1997); Aqua Vac Systems v. Variance, 701 So.2d 591 (Fla. 1st DCA 1997)(reversing on the basis of Wells Fargo); Mims v. Lipton Toyota, Inc., 700 So.2d 397 (Fla. 1st DCA 1997)(affirming on the authority of Wells Fargo).