707 So.2d 700 (1998)
Jerry LEE, Petitioner,
v.
WELLS FARGO ARMORED SERVICES and Travelers Insurance Co., Respondents.
No. 90455.
Supreme Court of Florida.
February 12, 1998.
*701 Arthur C. Beal, Jr., of Beal & Soto, Tallahassee, for Petitioner.
Susan Sapoznikoff Foltz and Kimberly A. Johnson of Granger, Santry, Mitchell & Heath, P.A., Tallahassee, for Respondents.
WELLS, Justice.
We have for review Wells Fargo Armored Services v. Lee, 692 So.2d 284 (Fla. 1st DCA 1997), wherein the district court certified the following question to be of great public importance:
Does the court's decision in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), extend to permit the accrual of prejudgment interest on attorney's fees, authorized pursuant to the Workers' Compensation Law, from the date entitlement to the fee is determined, when an amount for same has not yet been established?
Id. at 287. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative and approve the decision of the district court below.
This case arose from a workers' compensation claim filed by Lee after he injured his neck and back in 1993 while working for Wells Fargo Armored Services. In 1995, a hearing was held to determine Lee's entitlement to certain benefits which had been denied by the employer and its insurance carrier, Wells Fargo and Travelers Insurance Company (E/C). The judge of compensation claims (JCC) entered an order awarding benefits to Lee and finding that he was entitled to have attorney fees and costs paid by the E/C. The JCC reserved jurisdiction to determine the amount of attorney fees. The E/C appealed the subsequent order of the JCC directing the E/C to pay Lee's attorney a fee of $26,825, together with prejudgment interest dating from June 13, 1995, the date of the JCC's order determining entitlement to attorney fees.
On appeal to the First District, the E/C asserted that the JCC erred in employing an hourly rate of $185 to determine the fee and in misapplying Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla.1996), and Metropolitan Dade County v. Rolle, 678 So.2d 904 (Fla. 1st DCA 1996), in awarding prejudgment interest.
The First District affirmed the amount of the award, holding that it was supported by competent, substantial evidence. Wells Fargo, 692 So.2d at 285. However, the court reversed the imposition of prejudgment interest dating from June 13, 1995. Id. The district court concluded that in section 440.34(1), Florida Statutes (1993),[1] the legislature intended to preclude the payment of attorney fees in workers' compensation cases until the amount for the fees is established by final order. Id. at 286. However, the court further found that "the broad language the court employed in Quality Engineered Installation could be reasonably extended to cases other than those involving contractual disputes." Id. Therefore, the district court certified the question to this Court as being of great public importance.
In expressing its uncertainty concerning prejudgment interest in workers' compensation cases, the district court below stated that "[t]he statutory purpose behind an *702 award of attorney's fees to a prevailing workers' compensation claimant appears indistinguishable from that authorizing fees against an insurer which denied uninsured motorist benefits to its insured." Id. at 287. However, we find that section 440.34(1), Florida Statutes (1993), distinguishes it.
Workers' compensation is a statutorily created and regulated no-fault insurance system which was established to replace the tort system and thus simplify employers' insurance responsibilities and also give workers swift and certain payment for workplace accidents. De Ayala v. Florida Farm Bureau Casualty Ins. Co., 543 So.2d 204, 206 (Fla. 1989); Travieso v. Travieso, 474 So.2d 1184, 1186 (Fla.1985). We give plain meaning to section 440.34(1), Florida Statutes (1993), which provides that an attorney fee cannot be paid until it is approved as reasonable by the JCC or court having jurisdiction over the proceeding. We conclude that this means that there is no statutory authorization for payment of the fee until the reasonableness of the amount is approved by the JCC. It naturally follows that there is no entitlement to interest on attorney fees in a workers' compensation case until the amount of the fee has been approved by the JCC.
Accordingly, we answer the certified question in the negative and approve the decision of the First District Court of Appeal.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
NOTES
[1] Section 440.34(1) provides in pertinent part:

No fee, gratuity, or other consideration shall be paid for services rendered for a claimant in connection with any proceedings arising under this chapter, unless approved as reasonable by the judge of compensation claims or court having jurisdiction over such proceedings.