SCHWARTZ, Chief Judge.
The issue in this case is the entitlement to prejudgment interest on an award of attorneys’ fees in an eminent domain case. Although the trial judge was, under Pardo v. State, 596 So.2d 665 (Fla.1992), not free to depart from the only District Court of Appeal decision on point, State, Department of Transportation v. Brouwer’s Flowers, Inc., 600 So.2d 1260 (Fla. 2d DCA 1992), which holds that there is no such entitlement, she did so anyway. In sharp contrast, we are entitled to depart from that decision, but, because we entirely agree with it, do not.[1] See also Boulis v. Department of Transp., 709 So.2d 206 (Fla. 5th DCA 1998)(prejudg-ment interest on costs not recoverable).[2]
Accordingly, the award of prejudgment interest below is
Reversed.

. Even if, as we hold it is not, prejudgment interest could be awarded under some circumstances, it was unavailable on the facts of this case under the holding of Lee v. Wells Fargo Armored Services, 707 So.2d 700 (Fla.1998).

. We do not share the Fifth District’s view that there is anything wrong with this holding, and cannot in any event conceive that it involves an issue of any public importance whatever. Therefore, unlike Boulis, we make no certification to the Supreme Court.