733 So.2d 959 (1999)
Gus BOULIS, Petitioner,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, et al., Respondents.
No. 93,229.
Supreme Court of Florida.
April 1, 1999.
*960 Dominick J. Salfi and Robert T. Terenzio of the Law Offices of Dominick J. Salfi, P.A., Altamonte Springs, Florida, for Petitioner.
Pamela S. Leslie, General Counsel, and Gregory G. Costas, Assistant General Counsel, Department of Transportation, Tallahassee, Florida, for Respondents.
OVERTON, Senior Justice.
We have for review Boulis v. Department of Transportation, 709 So.2d 206 (Fla. 5th DCA 1998), in which the district court declined to award prejudgment interest on costs incurred in a eminent domain proceeding. In so holding, the district court certified the issue of whether prejudgment interest on such costs may be awarded as being a question of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the district court's decision but, in doing so, we recognize that the district court was constrained in reaching its decision by our opinion in Hoffman v. Jones, 280 So.2d 431 (Fla.1973). We conclude that the district court appropriately certified this issue to this Court based on that constraint. To ensure that a property owner is made whole in eminent domain proceedings, we hold that prejudgment interest is to be awarded on reasonable costs in eminent domain proceedings but only from the date those costs were actually paid and only after the trial court makes a determination of entitlement to the costs.
The facts of this case are as follows. The Florida Department of Transportation filed an eminent domain action against Gus Boulis in 1994 to take property Boulis leased to a Subway sandwich shop operator. The taking and valuation of the property were contested. The Department obtained a prejudgment order of taking (commonly called a "quick take") in 1995, at which time the state placed in the court registry a good faith deposit on the value of the property in the amount of $550,000. The case proceeded to trial on the valuation issue, and a verdict was subsequently rendered placing a value on the property of $705,000. During the course of litigation, Boulis's expert billed him for $35,308; *961 however, the trial court found only $16,200 of that amount to be reasonable. The trial court also denied prejudgment interest for those fees.
On appeal, the Fifth District Court of Appeal affirmed the trial court's order denying prejudgment interest on the costs, finding there was no legal precedent to provide prejudgment interest on the costs. The district court also concluded that it was prohibited by Hoffman from establishing new law to allow the award of prejudgment interest, even where logic and fair play warranted it. Accordingly, it certified the above issue to this Court as being one of great public importance.
Boulis argues that he is entitled to prejudgment interest on costs because the Florida Constitution provides that a condemnee in an eminent domain proceeding is entitled to "full compensation," which includes attorney's fees, appraisal fees, and expert witness fees and which should also include prejudgment interest on costs. Boulis also contends that prejudgment interest on costs should be awarded under the principles set forth in our opinion in Quality Engineered Installation, Inc. v. Higley South, Inc., 670 So.2d 929 (Fla. 1996), in which we allowed for prejudgment interest on attorney's fees. The Department, on the other hand, asserts that, because prejudgment interest is proper only where damages are liquidated and because litigation costs are not liquidated damages, we should decline to allow prejudgment interest here. The Department states that our recent opinion in Lee v. Wells Fargo Armored Services, 707 So.2d 700 (Fla.1998), reaffirmed the distinction between liquidated damages and litigation costs by declining to extend the Higley South holding to attorney's fees in workers' compensation cases.
Prior to our decisions in Higley South and Lee, some courts made a distinction between litigation costs and liquidated, pecuniary damages for purposes of awarding prejudgment interest. See, e.g., Orlando Regional Medical Center v. Chmielewski, 573 So.2d 876 (Fla. 5th DCA 1990) (prejudgment interest on costs is not available under Florida's current case law); Temple v. Temple, 539 So.2d 564 (Fla. 4th DCA 1989) (prejudgment interest cannot be assessed because attorney's fees do not constitute liquidated damages). These distinctions apparently arose based on our decision in Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985).
In May Plumbing, we noted that there was conflict and confusion in the treatment of prejudgment interest and we attempted to clarify the law in this area. First, we concluded that prejudgment interest is merely another element of pecuniary damages. We also noted that Florida had rejected the traditional "penalty theory" of prejudgment interest, under which prejudgment interest was to be awarded as a penalty for a defendant's wrongful act of disputing a claim found to be just and owing. We concluded that Florida had adopted the "loss theory" of prejudgment interest, under which the loss itself is a wrongful deprivation by a defendant of the plaintiff's property and the plaintiff is to be made whole from the date of the loss once liability and the amount of damages is set by the fact finder. However, under this theory, the fact finder does not consider the issue of prejudgment interest; that is a ministerial duty of the trial judge or clerk of court.
In sum, May Plumbing held that prejudgment interest is allowed as a matter of law when a verdict liquidates damages on a plaintiffs actual, out-of-pocket pecuniary losses. See also Alvarado v. Rice, 614 So.2d 498 (Fla.1993) (holding prejudgment interest on recovery for medical expenses proper if expenses were actually paid prior to judgment). As noted, courts have since interpreted May Plumbing to preclude awarding prejudgment interest on litigation costs, i.e., nonpecuniary losses. Courts have construed May Plumbing to hold that such interest is not allowable based on our statement that prejudgment *962 interest is merely another element of pecuniary damages. However, these cases were issued prior to this Court's decision in Higley South, in which we allowed for prejudgment interest on attorney's fees, which are clearly litigation costs.
Higley South involved a contractual dispute between a contractor and a subcontractor wherein the subcontractor filed suit to recover compensation for work the subcontractor had completed. At issue before this Court was whether the subcontractor was entitled to prejudgment interest on the attorney's fee award. The district court had determined that no such interest could be awarded because attorney's fees were litigation costs, not damages. We rejected that analysis and we specifically disapproved Temple, which, as noted above, denied prejudgment interest on the award of attorney's fees based on the distinction between litigation costs and liquidated damages. We held that prejudgment interest on attorney's fees was awardable under the circumstances of that case and that such interest begins to accrue from the date the entitlement to attorney's fees is fixed through agreement, arbitration award, or court determination even if the amount of the award has not yet been determined. We concluded that this holding would serve as a deterrent to delay by the party who owes the attorney's fees and was consistent with our prior conclusion that attorney's fee awards are not to be assessed for litigating the amount of an attorney's fee award.
Subsequently, in Lee, we were asked whether our decision in Higley South extended to permit the accrual of prejudgment interest on attorney's fees in worker's compensation cases from the date entitlement to the fee is determined even though the amount of the award has not yet been determined. We held in the negative, finding that section 440.34(1), Florida Statutes (1997), precluded the payment of attorney's fees in workers' compensation cases until the amount of the fees was established by final order. We reached that conclusion because section 440.34(1) provided that no fee could be paid in workers' compensation cases for services rendered until approved by the workers' compensation claims judge.
In this case, we are asked whether an award of prejudgment interest on costs in an eminent domain case is appropriate. We conclude that, under the logic of Higley South and Lee, prejudgment interest on costs in eminent domain cases is awardable only if there is an appropriate basis for awarding that interest.
Section 73.09, Florida Statutes (1997), which governs the payment of costs in an eminent domain proceeding, provides for the payment of "all reasonable costs incurred in the defense." Moreover, article X, section 6, of the Florida Constitution expressly provides that a condemnee is entitled to "full compensation" for the condemned property. Under that provision, we have concluded that full compensation is determined "by reference to the state of affairs that would have existed absent any condemnation proceeding whatsoever." See Florida Dep't of Revenue v. Orange County, 620 So.2d 991, 992 (Fla.1993). Accordingly, if the expenses in this case were incurred and paid by Boulis prior to the entry of judgment, then Boulis should be awarded prejudgment interest on those expenses from the date of payment once the trial court determines reasonable entitlement. See Alvarado (prejudgment interest for medical expenses incurred prior to entry of judgment appropriate but only if those expenses were actually paid prior to entry of judgment).[1]
The Department correctly notes that, under the doctrine of sovereign immunity, *963 governmental entities generally are not liable for interest on their debts unless a statute or contract calls for it. See State v. Family Bank of Hallandale, 623 So.2d 474 (Fla.1993). However, that principle would also include liability for interest where the constitution requires it. Here, the constitution provides for full compensation, which requires that the property owner be made whole. See Orange County. Further, the governing statute, section 73.091, Florida Statutes (1997), provides for the payment of all "reasonable" expenses; it does not prohibit the payment of interest within the meaning of "reasonable."
Accordingly, we hold that prejudgment interest is to be awarded on reasonable costs in eminent domain proceedings, but only from the date those costs were actually paid and only after the trial court makes a determination of entitlement to the costs. We quash the district court's decision and remand this case for further proceedings to award appropriate prejudgment interest under the principles expressed in this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] Notably, in State Department of Transportation v. Brouwer's Flowers, Inc., 600 So.2d 1260 (Fla. 2d DCA 1992), the district court summarily reached a contrary conclusion as this issue applies to attorney's fees, finding that there was no statutory authority for interest on attorney's fees in eminent domain cases before a trial court has determined the amount of the fees. As with cases interpreting May Plumbing, however, that decision was issued prior to our decision in Higley South and did not discuss the constitutional provision mandating full compensation to the condemnee. Accordingly, we disapprove Brouwer's Flowers, Inc.