PER CURIAM.
Jackson Memorial Hospital/Publie Health Trust, and its servicing agent, Miami-Dade County, Risk Management Division (hereafter collectively referred to as “appellants”), appeal a final order granting prejudgment interest on an attorney fee award in a rule nisi proceeding enforcing a workers’ compensation order. We reverse finding there is no entitlement to prejudgment interest on an attorney fee award in a workers’ compensation proceeding until the amount of the fee has been approved.
In March of 1999, a workers’ compensation order on appeal was affirmed in favor of appellee, Constance Spencer (“Spencer”), after she sustained injuries resulting in a permanent disability. When the amounts due were not paid, Spencer filed her petition for rule nisi, seeking to enforce the compensation order. In June of 1999, judgment was entered on the petition in favor of Spencer, finding entitlement to *996 an attorney’s fee, but reserving jurisdiction as to the amount.
At the subsequent hearing on attorney’s fees and costs, Spencer announced she was also seeking prejudgment interest from the June 1999 entitlement date. In December 1999; the trial court entered a final judgment awarding ' Spencer attorney’s fees in the amount of $8,125.00, plus prejudgment interest from the June 1999 order. The appellants appeal the award of pre-judgment interest, and Spencer appeals the amount of the award.
The Florida Supreme Court’s decision in Lee v. Wells Fargo Armored Services, 707 So.2d 700, 702 (Fla.1998) is dispositive:
Workers’ compensation is a statutorily created and regulated no-fault insurance system which was established to replace the tort system and thus simplify employers’ insurance responsibilities and also give workers swift and certain payment for workplace accidents. De Ayala v. Florida Farm Bureau Casualty Ins. Co., 543 So.2d 204, 206 (Fla.1989); Travieso v. Travieso, 474 So.2d 1184, 1186 (Fla.1985). We give plain meaning to section 440.34(1), Florida Statutes (1993), which provides that an attorney fee cannot be paid until it is approved as reasonable by the JCC or court having jurisdiction over the proceeding. We conclude that this means that there is no statutory authorization for payment of the fee until the reasonableness of the amount is approved by the JCC. It naturally follows that there is no entitlement to interest on attorney fees in a workers’ compensation case until the amount of the fee has been approved by the JCC.
As stated in Lee, there is no entitlement to prejudgment interest until the amount of the fee has been approved. See Lee v. Wells Fargo Armored Services, 707 So.2d at 700; accord Palm Beach County School Board v. Paulk, 705 So.2d 37 (prejudgment interest on attorney’s fees authorized pursuant to Workers’ Compensation Law does not accrue from date of determination of entitlement where amount has not yet been established); Mims v. Lipton Toyota, Inc., 709 So.2d 106 (Fla.1998)(same). Accordingly, we reverse the award of prejudgment interest.
However, with regard to the issue on cross-appeal, we affirm the amount of the attorney fee award. The record fully supports the trial judge’s award of $8,125 for 32.5 hours at $250 per hour, and no abuse of discretion has been shown with regard to the trial court’s determinations in this regard. See Mirlisena v. Chemlawn Corp., 567 So.2d 986 (Fla. 1st DCA 1990).
Reversed in part and affirmed in part.