PER CURIAM.
In this workers’ compensation appeal, Craig Wilmot, the claimant below, appeals the final order of the Judge of Compensation Claims (JCC) denying Wilmot’s claim for attorney’s fees. Wilmot argues, on the authority of City of Riviera Beach v. Deliso, 713 So.2d 426 (Fla. 1st DCA 1997), that the JCC erred in denying fees because the employer/carrier, appellees Precision Broach Company and Federated Mutual Insurance Company, had initially controverted claimant’s claim for permanent total disability (PTD). We do not agree. Deli-so is distinguishable from the case on appeal. In Deliso, the court concluded that “[b]ut for claimant’s attorney’s intervention, claimant’s injury would not have been accepted as compensable and he would have received no benefits.” Id. at 428. Here, unlike Deliso, even though the claimant’s PTD claim was initially controverted upon the filing of a previous petition, it is undisputed that the employer/carrier administratively accepted the claimant as permanently and totally disabled on May 9, 2000, and commenced paying benefits prior to the filing of the *756 instant petition for PTD benefits. Also, competent substantial evidence also supports the JCC’s finding that the basis of the employer/carrier acceptance of the claimant as PTD was not the intervention of the attorney, but was the authorized physician’s determination that claimant had reached maximum medical improvement. The record also reflects that attorney’s fees have been granted to claimant in connection with the grant of temporary indemnity benefits.
Accordingly, we AFFIRM.
MINER, WOLF AND VAN NORTWICK, JJ., CONCUR.