940 So.2d 585 (2006)
Maria NIEVES, Appellant,
v.
PALM BEACH COUNTY SCHOOL DISTRICT and F.A. Richard & Associates, Appellees.
No. 1D05-4422.
District Court of Appeal of Florida, First District.
October 30, 2006.
Jeffrey M. Friedman of Vassallo & Bilotta, Palm Springs, for Appellant.
Katherine A. Mockler of Abel, Lurvey, Morrow and Schefer, P.A., Hollywood, for Appellees.
PER CURIAM.
REVERSED and REMANDED for further proceedings. See City of Riviera Beach v. Deliso, 713 So.2d 426, 428 (Fla. 1st DCA 1997) (holding that the judge of compensation claims properly included permanent total disability benefits in the attorney's fee calculation because the employer/servicing agent initially controverted compensability and because the claimant's injury would not have been accepted as compensable and he would not have received any benefits without his attorney's intervention).
BENTON and LEWIS, JJ., concur; PADOVANO, J., dissents with opinion.
PADOVANO, J., dissenting.
I respectfully dissent. The judge of compensation claims explained in detail why the Deliso case does not require an award of attorney's fees calculated on the amount of the permanent and total disability benefits. This case differs from Deliso in that the lawyer for the claimant did not show that the award of permanent total disability benefits came about as a result of his success in establishing that the claimant suffered a compensable injury. As the judge of compensation claims explained, counsel "failed to show that the permanent total disability benefits were reasonably predictable as a result of his intervention." Because the record supports this controlling distinction made by the judge of compensation claims, I am unable to join in the majority's conclusion that Deliso compels a reversal in this case.