PER CURIAM.
In this workers’ compensation appeal, Robert Pruden, claimant below, appeals a final order of the Judge of Compensation Claims (JCC) which denied the recovery of interest on attorney’s fees from the date the JCC ordered Herbert Contractors, Inc. and Claims Management, Inc., appellees, to provide specified benefits to appellant. Appellant argues that interest on attorney’s fees is payable under section 55.03, Florida Statutes (2006), from the date the JCC enters a compensation order. Appellant reasons that, under the 2003 amendments to section 440.34, Florida Statutes, the amount of the attorney’s fees is set as a statutorily established percentage of the benefits awarded. Thus, appellant asserts the amount of fees is, in effect, determined by the compensation order and, if, as here, the amount and entitlement of fees is not in dispute, there is no need for a further order of the JCC to establish the amount of the fees.
Although section 440.34 restricts the discretion of the JCC in setting a “reasonable” fee, see Wood v. Florida Rock Industries, 929 So.2d 542 (Fla. 1st DCA 2006), attorney’s fees under chapter 440 are not self-executing. Section 440.105(3)(c) expressly requires the JCC to approve the attorney’s fees, providing, in pertinent part, as follows:
It is unlawful for any attorney or other person ... to receive any fee or other consideration or any gratuity from a person on account of services rendered for a person in connection with any proceedings arising under this chapter, unless such fee, consideration or gratuity is approved by a Judge of Compensation Claims or by the Deputy Chief Judge of Compensation Claims.
Appellant sought an award of interest on the authority of section 55.03, which provides for the payment of interest on civil judgments generally. As this court has explained in Farhangi v. Dunkin Donuts, 728 So.2d 772, 773 (Fla. 1st DCA 1999), a JCC “has no authority or jurisdiction beyond what is specifically conferred by statute.” Unlike a court of general jurisdiction under article V of the Florida *137 Constitution, a JCC does not have inherent judicial power, but has “only the power expressly conferred by chapter 440.” McFadden v. Hardrives Constr., Inc., 573 So.2d 1057, 1059 (Fla. 1st DCA 1991). As the Florida Supreme Court held in Lee v. Wells Fargo Armored Services, 707 So.2d 700, 702 (Fla.1998):
[T]here is no statutory authorization for payment of the fee until the reasonableness of the amount is approved by the JCC. It naturally follows that there is no entitlement to interest on attorney fees in a workers’ compensation case until the amount of the fee has been approved by the JCC.
Although Lee predates the amendments to section 440.34, appellant has cited no authority which would give the JCC the authority, power, or jurisdiction to award interest from the date of the compensation order. Accordingly, the order denying interest is AFFIRMED.
BARFIELD, VAN NORTWICK, and PADOVANO, JJ., concur.